# EXHIBIT D

# Refuse to File:  NDA and BLA Submissions to CDER
## Guidance for Industry

*DRAFT GUIDANCE*

**This guidance document is being distributed for comment purposes only.**

Comments and suggestions regarding this draft document should be submitted within 60 days of publication in the *Federal Register* of the notice announcing the availability of the draft guidance.  Submit electronic comments to https://www.regulations.gov.  Submit written comments to the Dockets Management Staff (HFA-305), Food and Drug Administration, 5630 Fishers Lane, Rm. 1061, Rockville, MD  20852.  All comments should be identified with the docket number listed in the notice of availability that publishes in the *Federal Register*.

For questions regarding this draft document, contact Amalia Himaya at 301-796-0700.

**U.S. Department of Health and Human Services**
**Food and Drug Administration**
**Center for Drug Evaluation and Research (CDER)**

**December 2017**
**Procedural**

*17065dft.doc*
*11/14/17*

*Contains Nonbinding Recommendations*

*Draft — Not for Implementation*

**III.    PROCESS AND PROCEDURES**

    **A.    Filing Review and Assessment**

The FDA's initial assessment of a submitted application focuses heavily on assessing the completeness of the application, because incompleteness can lead to refusal to file.  Before commencing review of an application, it is important for the FDA to be assured that there will in fact be a complete application that can be reviewed.  An application may be considered incomplete for purposes of § 314.101(d)(3) based on deficiencies that on their face render an application incomplete, including applications that are unreviewable or inconsistent with statutory or regulatory requirements.

During the filing review, FDA staff may also identify certain review issues that result in a refusal to file pursuant to § 314.101(d)(3) and other authorities.[12]  Review issues typically are not usually considered the basis for an RTF action but are communicated to applicants in official filing correspondence, including RTF letters.  However, some review issues may render an application incomplete and may therefore result in a refusal to file.

To make filing determinations, FDA staff assess the completeness of an application and determine the extent and type of deficiencies, if any, by considering the significance of the missing or incomplete information in the context of the proposed drug product, the proposed indication(s), and the amount of time needed to address any given deficiency.  Filing issues generally are grouped into two categories as follows:

(1) Potentially easily correctable deficiencies, which applicants typically can correct before filing.  This category is not discussed further in this guidance.

(2) Complex significant deficiencies that cannot be corrected before filing and that may result in a refusal to file pursuant to § 314.101(d)(3) and other authorities.  Examples of such deficiencies include, but are not limited to:

    (a) Materially lacking or inadequately organized applications that would not permit timely, efficient, and complete review by all relevant review division disciplines as outlined in the guidance for review staff and industry *Good Review Management Principles and Practices for PDUFA Products*.

    (b) Parts of applications that contain inadequate information for one or more indications when multiple indications are submitted in the same application.  The FDA may accept for filing those parts of an application that represent complete submissions for particular indications but refuse to file those parts that are determined to be incomplete for other indications.

    (c) An application that relies on a single adequate and well-controlled trial for a demonstration of effectiveness if prior communication between the FDA and the applicant (i.e., end-of-phase 2 meeting) determined the need for more than one trial to

---

[12] See MAPP 6025.4 *Good Review Practice:  Refuse to File*.

*Contains Nonbinding Recommendations*

*Draft — Not for Implementation*

demonstrate effectiveness and if the submitted justification for reliance on a single trial is inadequate. (The FDA may determine that data from a single adequate and well-controlled trial and confirmatory evidence is sufficient to establish effectiveness (see section 505(d) of the FD&C Act); this is further discussed in the guidance for industry *Providing Clinical Evidence of Effectiveness for Human Drug and Biological Products*.)

(d) Failure to submit an assessment of studies related to the potential abuse of a drug, necessary to inform drug scheduling under the Controlled Substances Act and the development of drug product labeling. This requirement applies when the drug affects the central nervous system (as determined in animal or human studies), is chemically or pharmacologically similar to other drugs with known abuse potential (such as an opioid, stimulant, depressant, or hallucinogen), or produces psychoactive effects such as euphoria, mood changes, depression, or hallucinations. See § 314.50(d)(5)(vii) and the guidance for industry *Assessment of Abuse Potential of Drugs*.

(e) Required content is not submitted electronically where the FDA has specified the format of such submissions in guidance pursuant to section 745A of the FD&C Act or required content is not submitted in an electronic format that the FDA can review, process, and archive, where such electronic submissions are required by an applicable regulation.[13] Electronic submission issues that CDER considers to be filing issues include particular organization, file format, coding, or formatting problems that are specified in applicable guidances issued pursuant to section 745A(a) of the FD&C Act.[14]

(f) NME NDAs or original BLAs reviewed under the Program, if the minor components agreed upon for late submission at the presubmission meeting are not received within 30 calendar days after receipt of the application.

### B.    FDA Decision-Making and Notification to the Applicant

After completion of the filing reviews and discussion of the reviews at an internal filing meeting, the division director (or designee) of the relevant review division makes the final filing decision. If the division director (or designee) determines that an application cannot be filed, the review

---

[13] See, for example, 21 CFR 314.80(g) and the guidance for industry *Providing Regulatory Submissions in Electronic Format — Certain Human Pharmaceutical Product Applications and Related Submissions Using the eCTD Specifications* as follows: "A submission that is not in the electronic format(s) described in this guidance document will not be filed or received, unless it has been exempted from the electronic submission requirements (see section III.C) with respect to that submission."

[14] For more information about electronic submissions, applicants should refer to the guidance for industry *Providing Regulatory Submissions in Electronic Format — Certain Human Pharmaceutical Product Applications and Related Submissions Using the eCTD Specifications*. The FDA also posts detailed information about electronic submissions periodically on the Electronic Submissions Gateway web page at https://www.fda.gov/forindustry/electronicsubmissionsgateway/.