**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen
Phillip Kim
Brian B. Alexander
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com
balexander@rosenlegal.com

*Counsel for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS SKIADAS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ACER THERAPEUTICS INC., CHRIS SCHELLING, and HARRY PALMIN,<br><br>    Defendants. | No.: 1:19-cv-06137-GHW |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR RECONSIDERATION OF THE JUNE 16, 2020 MEMORANDUM**
**OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS**
**THE SECOND AMENDED COMPLAINT**

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .............................................................................................................................. 4

    I.    A MOTION FOR RECONSIDERATION IS AN "EXTRAORDINARY REMEDY" THAT IS NOT A "VEHICLE FOR RELITIGATING OLD ISSUES." ...................................................................................................... 4

    II.    THE COURT CORRECTLY HELD THAT PLAINTIFF PLED THAT DEFENDANTS MADE FALSE AND MISLEADING STATEMENTS ....................... 5

    III.    THE COURT CORRECTLY HELD THAT PLAINTIFF PLED THAT DEFENDANTS ACTED WITH SCIENTER. ............................................................... 8

        A.    The Court Used the Correct Standard when Holding that Plaintiff Pled Scienter. ..................................................................................................... 9

        B.    The Court Correctly Held that Plaintiff Pled that Defendants had Motive to Commit Fraud.................................................................................................. 14

CONCLUSION........................................................................................................................... 16

## Table of Authorities

**Pages**

**Cases**

*Allstar Mktg. Grp., LLC v. 158*,
  No. 1:18-CV-4101-GHW, 2019 WL 3936879 (S.D.N.Y. Aug. 20, 2019) ................................ 4

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
  684 F.3d 36 (2d Cir. 2012) .................................................................................................... 4

*Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*,
  117 F.3d 655 (2d Cir. 1997) ................................................................................................. 11

*Freudenberg v. E\*Trade Fin. Corp.*,
  712 F. Supp. 2d 171 (S.D.N.Y. 2010) ................................................................................... 5

*Gillis v. QRX Pharma Ltd.*,
  197 F. Supp. 3d 557 (S.D.N.Y. 2016) ................................................................................. 13

*In re Avon Sec. Litig.*,
  No. 91 CIV. 2287 (LMM), 2004 WL 3761563 (S.D.N.Y. Mar. 29, 2004) ............................ 11

*In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig.*,
  No. 08 M.D.L. 1963(RWS), 2009 WL 2168767 (S.D.N.Y. July 16, 2009) ............................ 4

*In re Loral Space & Commc'ns Ltd. Sec. Litig.*,
  No. 01 CIV.4388(JGK), 2004 WL 376442 (S.D.N.Y. Feb. 27, 2004) .................................... 13

*In re MannKind Sec. Actions*,
  835 F. Supp. 2d 797 (C.D. Cal. 2011) ............................................................................. 3, 10

*In re Time Warner Inc. Sec. Litig.*,
  9 F.3d 259 (2d Cir. 1993) .................................................................................................... 15

*Indiana Pub. Ret. Sys. v. SAIC, Inc.*,
  818 F.3d 85 (2d Cir. 2016) ................................................................................................... 13

*Kalnit v. Eichler*,
  264 F.3d 131 (2d Cir. 2001) ......................................................................................... 3, 14, 15

*Kelly v. Elec. Arts, Inc.*,
  No. 13-CV-05837-SI, 2015 WL 1967233 (N.D. Cal. Apr. 30, 2015) ........................................ 8

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
  729 F.3d 99 (2d Cir. 2013) .................................................................................................... 4

*Lomingkit v. Apollo Educ. Grp. Inc.*,
  275 F. Supp. 3d 1139 (D. Ariz. 2017) ....................................................................... 8

*Makor Issues & Rights, Ltd. v. Tellabs Inc.*,
  513 F.3d 702 (7th Cir. 2008) .................................................................................... 13

*McMahan & Co. v. Wherehouse Entm't, Inc.*,
  900 F.2d 576 (2d Cir. 1990)....................................................................................... 5

*Menaldi v. Och-Ziff Capital Mgmt. Grp. LLC*,
  164 F. Supp. 3d 568 (S.D.N.Y. 2016)........................................................................ 7

*Nguyen v. Endologix, Inc.*,
  962 F.3d 405 (9th Cir. 2020) ............................................................................... 3, 12

*Palmer/kane LLC v. Gareth Stevens Publ'g*,
  No. 1:15-CV-7404-GHW, 2016 WL 6238612 (S.D.N.Y. Oct. 24, 2016)............................ 4, 15

*Rombach v. Chang*,
  355 F.3d 164 (2d Cir. 2004)................................................................................... 2, 5

*S.E.C. v. Gabelli*,
  653 F.3d 49 (2d Cir. 2011)........................................................................................ 5

*Shields v. Citytrust Bancorp, Inc.*,
  25 F.3d 1124 (2d Cir. 1994)..................................................................................... 13

*Slayton v. Am. Exp. Co.*,
  604 F.3d 758 (2d Cir. 2010)...................................................................................... 9

*Smith v. Antares Pharma, Inc.*,
  No. CV178945MASDEA, 2019 WL 2785600 (D.N.J. July 2, 2019) ........................................ 8

*Tabak v. Canadian Solar Inc.*,
  549 F. App'x 24 (2d Cir. 2013) ........................................................................... 14, 15

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*,
  531 F.3d 190 (2d Cir. 2008)..................................................................................... 11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)......................................................................................... passim

*Umbach v. Carrington Inv. Partners*,
  No. CIV 3:08CV484(EBB), 2009 WL 413346 (D. Conn. Feb. 18, 2009) ........................... 7, 8

*Welgus v. TriNet Grp., Inc.*, No. 15-CV-0,
  3625-BLF, 2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) ...................................................... 8

*Yanek v. Staar Surgical Co.*,
   388 F. Supp. 2d 1110 (C.D. Cal. 2005) ..................................................................................... 10

**Other Authorities**

S.D.N.Y. Local Civil Rule 6.3 .......................................................................................................... 4

Lead Plaintiff Nicholas Skiadas ("Plaintiff") respectfully submits this Memorandum of Law in opposition to Defendants' Motion for Reconsideration of the June 16, 2020 Memorandum Opinion and Order on Defendants' Motion to Dismiss the Second Amended Complaint ("Motion for Reconsideration" or "Mot.").

## PRELIMINARY STATEMENT

There are only three circumstances where motions for reconsideration are appropriate: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. None apply here. Furthermore, the Court has held in other cases that motions for reconsideration are an extraordinary remedy and that they are not a vehicle for relitigating old issues or otherwise taking a second bite at the apple. Defendants' Motion for Reconsideration barely even maintains the veneer of trying to meet these standards. Instead, it reads like a reply brief to the Court's Order dated June 16, 2020 (Dkt. No. 54) (the "Order"), full of citations to non-controlling and barely relevant case law. Defendants' Motion for Reconsideration also frequently ignores what the Court held in the Order and just repeats the same thing they said in earlier briefs. When Defendants do engage with the Court's well-reasoned Order, they often mischaracterize it. The Court should summarily deny Defendants' Motion for Reconsideration. Any other result will encourage parties to file such motions whenever they are disappointed by rulings even if they do not have legitimate grounds to request reconsideration, wasting judicial resources.

Defendants' criticisms of the Order are also meritless when taken individually.

*Falsity.* Defendants start by arguing that the Court applied the wrong standard in evaluating falsity. That is untrue. The Court clearly stated that the standard is that a statement is misleading if a reasonable investor would have received a false impression from the statement and extensively

discussed the misleading context of Defendants' statements. (Order at 13-16.) Defendants also say in their preliminary statement that the Court held that "context weighs in favor" of Defendants' interpretation of the misstatements, but they conveniently leave out the fact that the court actually stated "*this* context weighs in favor" when discussing one of Defendants' points (*Id.* at 16 (emphasis added).) The Court also discussed ways in which the context weighs in Plaintiff's favor. (*Id.* at 15-16.) Ultimately, the Court concluded, after taking everything into account, that the statements were ambiguous. (*Id.* at 17.) The Court then read the ambiguities in Plaintiff's favor because it "is simply an application of the maxim that a court must draw all reasonable inferences in the plaintiff's favor on a motion to dismiss." (*Id.*) Plaintiff made the same argument in his Opposition to Defendants Motion to Dismiss and, in their Reply, Defendants responded that Plaintiff's interpretation of the statements was "implausible." Defendants now, for the first time, inexplicably read into *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004), a requirement that the Court construe any ambiguities against Plaintiff, *in effect arguing that the Court should draw all reasonable inferences in Defendants' favor on a motion to dismiss*. Defendants do not provide any support for this and certainly do not show that the Court committed a clear error.

*Scienter.* The Court undertook a detailed and holistic review of scienter and held that Plaintiff pled a strong inference of scienter for several different reasons. Defendants' nitpicking of various individual aspects of the Court's analysis does nothing to undermine the Court's well-reasoned holding. As with falsity, Defendants complain that the Court did not apply the right standard for scienter. It is again untrue. The Court explained that an inference of scienter must be more than merely plausible and that it instead needs to be cogent and at least as compelling as any contrary inference.

Defendants also argue that a Ninth Circuit case, *Nguyen v. Endologix, Inc.*, 962 F.3d 405 (9th Cir. 2020), undermines the Court's decision, but that case does not help them at all since it is very similar to cases that they cited in previous briefs. In *Nguyen*, the plaintiff unequivocally argued that the defendants knew that the FDA would never approve the medical device at issue. In contrast, here Plaintiff alleges only that Defendants knew the FDA had not agreed that additional clinical development was not needed for EDSIVO, not that rejection was certain. The Court recognized this important distinction in its Order. (Order at 22.) Additionally, Ninth Circuit decisions are not controlling for the Court. Defendants try to get around this problem by falsely claiming that the Court "relied extensively" on *In re MannKind Sec. Actions*, 835 F. Supp. 2d 797 (C.D. Cal. 2011), in rejecting Defendants' argument that Plaintiff's allegation are implausible, but the Court did not even cite *MannKind* in that portion of the Order. (Order at 22.) Furthermore, *MannKind* is easily distinguishable from *Nguyen* because, like this case, it concerned misrepresentations about what the FDA agreed to. As Defendants admit, *Nguyen* did not even cite *MannKind* — that is unsurprising given the factual distinctions between the cases.

Defendants further argue that the Court committed clear error when it held that Plaintiff adequately pled that Defendants had a motive to commit fraud, but the only controlling authority they cite is *Kalnit v. Eichler*, 264 F.3d 131 (2d Cir. 2001). The Court already addressed *Kalnit* in its Order. (Order at 21.) Furthermore, contrary to Defendants' misleading discussion of *Kalnit*, that case does not say anything about whether the need to raise money to continue as a going concern is a sufficient motive. Other Second Circuit law also contradicts Defendants' cramped interpretation of what can constitute a motive. Finally, given that the Court held that Plaintiff pled scienter for several different reasons, reconsideration of the Court's ruling on motive is insufficient to overturn the Court's holding that Plaintiff pled scienter.

## ARGUMENT

### I. A MOTION FOR RECONSIDERATION IS AN "EXTRAORDINARY REMEDY" THAT IS NOT A "VEHICLE FOR RELITIGATING OLD ISSUES."

"Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Allstar Mktg. Grp., LLC v. 158*, No. 1:18-CV-4101-GHW, 2019 WL 3936879, at *1 (S.D.N.Y. Aug. 20, 2019) (Woods, J.) (internal quotation marks omitted). The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *see also* S.D.N.Y. Local Civil Rule 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

A motion for reconsideration "'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Palmer/kane LLC v. Gareth Stevens Publ'g*, No. 1:15-CV-7404-GHW, 2016 WL 6238612, at *3 (S.D.N.Y. Oct. 24, 2016) (Woods, J.) (quoting *Analytical Surveys*, 684 F.3d at 52). *See also In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig.*, No. 08 M.D.L. 1963(RWS), 2009 WL 2168767, at *1 (S.D.N.Y. July 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." (internal quotation marks omitted)). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (internal quotation marks omitted).

Defendants do not come anywhere close to meeting this standard. Ninth Circuit decisions are not controlling law for this court and *Nguyen* did not change Ninth Circuit law in any way relevant to the Order. Defendants also fail to present any new evidence or cite any controlling authority that shows the Court committed a clear error.

## II. THE COURT CORRECTLY HELD THAT PLAINTIFF PLED THAT DEFENDANTS MADE FALSE AND MISLEADING STATEMENTS.

Defendants repeatedly mischaracterize the Court's Order and the law in their argument that the Court committed clear error when it held that Plaintiff adequately alleged that Defendants made false and misleading statements. Defendants maintain that the Court applied the wrong standard for falsity, quoting a footnote in *Rombach*, 355 F.3d at 172 n.7 (internal quotation marks omitted), that states "[t]he test for whether a statement is materially misleading under Section 10(b) and Section 11 is whether the defendants' representations, taken together and in context, would have misled a reasonable investor." (Mot. at 4.) It is indisputable that the Court's Order clearly stated and applied this standard. The Court stated that "'[a] statement is misleading if a reasonable investor would have received a false impression from the statement'" and further explained that "the subjective intent of the person or entity making the statement is irrelevant; what matters is how a reasonable investor would have interpreted the statement." (Order at 13 (quoting *Freudenberg v. E\*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 180 (S.D.N.Y. 2010)).) The Court also quoted the Second Circuit's holding that "'literally true statements' are actionable if they 'create a materially misleading impression.'" (Order at 14 (quoting *S.E.C. v. Gabelli*, 653 F.3d 49, 57 (2d Cir. 2011), *rev'd and remanded on other grounds*, 568 U.S. 442 (2013)).) Another instructive way that the Second Circuit has articulated the standard for falsity is "a statement which is literally true, if susceptible to quite another interpretation by the reasonable investor…may properly…be considered a material misrepresentation." *McMahan & Co. v. Wherehouse Entm't, Inc.*, 900 F.2d

576, 579 (2d Cir. 1990) (internal quotation marks omitted).

After explaining the legal standard, the Court repeatedly discussed what "a reasonable investor would have" understood in its Application section for falsity. (Order at 15-16.) Defendants appear to be arguing that the Court applied the wrong standard because it did not explicitly say that the Defendants' statements must be "taken together and in context," but that argument is absurd given that the entire Application section is focused on the context of the statements and how a reasonable investor would have understood them. (Mot. at 4; Order at 15-16.) Furthermore, the Court said that statements "are actionable if they create a materially misleading impression," which has a similar meaning as the Defendants' statements must be taken in context. (Order at 14.)

Defendants also seize on the fact that when discussing Defendants' argument that the second clause of each "agreed to" statement concerned submission, the Court stated: "*this* context weighs in favor of construing the statements to be about submission, not approval." *(Id.* at 16 (emphasis added).) Defendants cavalierly interpreted the Court's statement to mean that the overall context of the statements definitively favors the Defendants' interpretation even though the Court had spent the prior three paragraphs discussing ways in which the context favored Plaintiff's interpretation. (*Id.* at 15-16; *see also* Dkt. No. 52, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp. to MTD") at 11-13.) As the Court clearly stated, it held that "the challenged statements are ambiguous," not that their context clearly favors Defendants. (Order at 17.)

Defendants further argue that the Court misapplied the standard for finding falsity because "[t]his standard does not encompass resolving alleged ambiguity in a plaintiff's favor to find falsity." (Mot. at 4.) Defendants do not, however, provide any support for this argument and it is clearly wrong. As the Court explained, construing ambiguities in favor of the plaintiff at the motion

to dismiss stage "is simply an application of the maxim that a court must draw all reasonable inferences in the plaintiff's favor on a motion to dismiss." (Order at 17.) Plaintiff's Opposition to Defendants' Motion to Dismiss made this point. (Opp. to MTD at 13 (arguing the Court should not accept Defendants' own interpretation of their statements on a motion to dismiss because "the Court must consider all inferences from the allegations in the light most favorable to Plaintiff").) In their Reply, Defendants responded that Plaintiff's interpretation of the statements was "implausible" and cited *Rombach*. (Dkt. No. 53, Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss ("MTD Reply") at 2-3.) Defendants now argue for the first time that *Rombach* requires the Court to resolve any ambiguities in the statements in favor of Defendants on a motion to dismiss. This is obviously not the law since it is the same thing as arguing that the Court should draw all reasonable inferences in *Defendants'* favor. *See, e.g. Menaldi v. Och-Ziff Capital Mgmt. Grp. LLC*, 164 F. Supp. 3d 568, 584 (S.D.N.Y. 2016) ("Reading Och-Ziff's statements in context, and construing all inferences in Plaintiffs' favor, the Court concludes that Plaintiffs have adequately alleged that Och-Ziff made actionable misstatements [under § 10(b)]."). It is also completely improper for Defendants to advance this new theory in a motion for reconsideration.

Defendants disparage the Court's citation to *Umbach v. Carrington Inv. Partners*, No. CIV 3:08CV484(EBB), 2009 WL 413346 (D. Conn. Feb. 18, 2009), but the case is instructive. (Order at 17.) As in this case, the defendants argued that the court should dismiss the plaintiff's claim based on what defendants argued was the plain language of a statement. *Umbach*, 2009 WL 413346, at *6. The court declined to dismiss plaintiff's securities fraud claim because the statement was ambiguous:

> While Defendants argue that the Side Letter clearly refers only to the initial investment by OMS, the court is not willing to dismiss the allegations solely on the

7

Defendants' interpretation of the word "the" in the Side Letter.

*Id.* Defendants attempt to distinguish *Umbach* by arguing that the court's discussion concerned the reliance element, but it is not clear why that matters given that the case concerns a securities fraud claim evaluated under Rule 9(b) and the PSLRA. *Id.* at 5. In any event, Defendants do not come anywhere close to meeting their burden of showing **clear error** on a motion for reconsideration. All that Defendants offer is citations to four out-of-circuit district court decisions. There are no circumstances under which citation to out-of-circuit district court decisions could meet the stringent standards of a motion for reconsideration and here those decisions do not even support Defendants' contention that Rule 9(b) and the PSLRA require a general rule that when plaintiffs and defendants present conflicting interpretations of an alleged misstatement, courts must invert the normal rules for a motion to dismiss and interpret any ambiguities in favor of defendants. Instead, Defendants cite a hodgepodge of cases where vague pleading contributed to the plaintiffs' failure to plead falsity even when the court drew all reasonable inferences in the plaintiffs' favor.[1]

## III. THE COURT CORRECTLY HELD THAT PLAINTIFF PLED THAT DEFENDANTS ACTED WITH SCIENTER.

As the Court explained it its opinion, the standard for evaluating scienter "'is whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard.'" (Order at 18 (quoting *Tellabs,*

---

[1] *See Smith v. Antares Pharma, Inc.*, No. CV178945MASDEA, 2019 WL 2785600, at \*9 (D.N.J. July 2, 2019) (the discussion that Defendants cite only concerns whether confidential witness allegations were sufficiently detailed and does not address at all how courts should construe statements by defendants); *Welgus v. TriNet Grp., Inc.*, No. 15-CV-03625-BLF, 2017 WL 6466264, at \*14 (N.D. Cal. Dec. 18, 2017) (holding that Defendants' disclosures were **"clear" not ambiguous** and, therefore, the court could not "draw[] the inference that Plaintiff suggests" (emphasis added).); *Kelly v. Elec. Arts, Inc.*, No. 13-CV-05837-SI, 2015 WL 1967233, at \*7–\*8 (N.D. Cal. Apr. 30, 2015) (holding that "Defendants' statements were "non-actionable vague expression of corporate optimism and puffery," something that Defendants in this case do not claim); *Lomingkit v. Apollo Educ. Grp. Inc.*, 275 F. Supp. 3d 1139, 1155 (D. Ariz. 2017) (holding that plaintiffs did not plead falsity because **the complaint itself** contained contradictory allegations about what alleged misstatements meant).

*Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007)).) The Court's Order held that Plaintiff adequately pled scienter for at least five reasons: (1) misstatements related to FDA approval lends support to Plaintiff's use of those statements to demonstrate scienter; (2) Defendants' revision of the their first "agreed to" statement; (3) the fact that Acer needed to raise funds to be viable "meant that Defendants had an incentive to gamble that the FDA would approve EDSIVO by misrepresenting what the FDA 'agreed to'"; (4) Defendants had access to information that contradicted the challenged statements; and (5) "Skiadas' allegations support the inference that Defendants rationally (though recklessly) gambled that the FDA would ultimately approve EDSIVO, even though the FDA had never 'agreed' that it would approve EDSIVO without additional clinical development." (Order at 19-23.) Accordingly, Defendants' nitpicking of the Court's decision is not sufficient to undermine the overall inference of scienter and certainly not sufficient to show clear error on a motion for reconsideration.

**A. The Court Used the Correct Standard when Holding that Plaintiff Pled Scienter.**

As with falsity, Defendants accuse the Court of applying the wrong standard (Mot. 8-9) even though it is obviously untrue. The Court clearly stated that the inference of scienter must be more than merely plausible or reasonable:

> An "inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S at 314. If an inference of fraudulent intent is not "at least as compelling" as a contrary inference, it is inadequate, even in a "close case." *Slayton v. Am. Exp. Co.*, 604 F.3d 758, 777 (2d Cir. 2010).

(Order at 19.) Additionally, the Court ended its analysis by holding that "[v]iewing the totality of Skiadas' allegations, the inference that Defendants had an intent to defraud is at least as compelling as any alternative inference." (*Id.* at 23.) Defendants complain about the Court's occasional use of the term "plausible" when discussing scienter, but the Supreme Court did the same thing when analyzing scienter in *Tellabs,* 551 U.S at 324, 326-27 (holding that "[t]he inference that the

9

defendant acted with scienter need not be irrefutable, *i.e.*, of the 'smoking-gun' genre, ***or even the most plausible*** of competing inferences…" and "[a] court's comparative assessment of ***plausible inferences***, while constantly assuming the plaintiff's allegations to be true, we think it plain, does not impinge upon the Seventh Amendment right to jury trial." (emphasis added and internal quotation marks omitted)). Accordingly, Defendants' nitpicking of the Court's language is unpersuasive.

After wrongly accusing the Court of applying the wrong scienter standard, Defendants' Motion for Reconsideration then proceeds to repeat the same things that Defendants said about *MannKind* in their Reply.  (*See* Mot. at 9-10; MTD Reply at 4-5.) The Court only cited *MannKind*, 835 F. Supp. 2d at 811-812, to support one point in the Order, the proposition that misstatements relating to FDA approval lends support to the inference of scienter. (Order at 19-20.) *MannKind* clearly supports the Court's holding in this case. Defendants dispute what their "agreed to" statements meant and argue that they were less clear than the ones in *MannKind*, but they cannot dispute the obvious importance of those statements to investors. The fact that Defendants made statements about the FDA approval process that the Court has held were, at minimum, greatly susceptible to misinterpretation by investors certainly supports an inference of knowing intent or recklessness. Furthermore, the Defendants' decision to alter the wording of what they "agreed to" long after the meeting they were describing was over also shows that Defendants were aware of the importance of their "agreed to" statements and, as the Court held, "suggests that the first statement was inaccurate." (Order at 20.) Also of note is that both the Court and *MannKind*, 835 F. Supp.2d at 811, quoted *Yanek v. Staar Surgical Co.*, 388 F. Supp. 2d 1110 (C.D. Cal. 2005), to support the point that misstatements relating to FDA approval lends support to the inference of scienter.  *Yanek*, 388 F. Supp. 2d at 1130, held that *omissions* concerning what the FDA told the

defendants supported a strong inference of scienter. Accordingly, that is another reason why Defendants' contention that *MannKind* is limited to the precise circumstances of its misstatements is unavailing.

Defendants also cite a few cases for the general proposition that ambiguities count against scienter. (Mot. at 10.) In their Reply, Defendants argued that "Plaintiff cannot allege recklessness when the only plausible reading of Defendants' statements is that they pertain to filing the NDA." (MTD Reply at 9.) The Court rejected that argument. (Order at 22.) Defendant are now trying to relitigate that issue by recasting it in slightly different terms, but none of the cases that Defendants cite even come close to showing that the Court's well-reasoned analysis of the facts in this particular case was clear error. *See Tellabs*, 551 U.S. at 326 ("We agree that omissions and ambiguities count against inferring scienter," but "***[w]e reiterate, however, that the court's job is not to scrutinize each allegation in isolation but to assess all the allegations holistically***." (emphasis added).); *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196 (2d Cir. 2008) (holding that the allegation that defendants had access to raw data on asset-backed securities was not, by itself, sufficient to show access to contrary information); *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663–664 (2d Cir. 1997) (highly fact specific analysis of allegations that a company fraudulently induced its business partner to settle a lawsuit; not a § 10(b) case); *In re Avon Sec. Litig.*, No. 91 CIV. 2287 (LMM), 2004 WL 3761563, at *1 (S.D.N.Y. Mar. 29, 2004) (did not concern Rule 12(b)(6) motion, instead market manipulation claim was dismissed after bench trial). These cases are factually dissimilar and do not support Defendants' threadbare contention that the Court ignored controlling authority and committed clear error.

Finally, Defendants argue, as they have in every previous brief and letter they have filed,

that "the Court is asked to accept the theory that Defendants promised FDA approval for a drug they knew would not be approved." (Mot. at 11.) Plaintiff has not, however, asked the Court to accept that theory. As Plaintiff stated in his Opposition to Defendants' Motion to Dismiss, "Plaintiff has no doubt that Defendants believed it was possible, or at least hoped, that the FDA would approve EDSIVO." (Opp. to MTD at 24.) Plaintiff's Opposition further explained that "Plaintiff's theory is that, contrary to Defendants' public pronouncements, FDA never affirmatively 'agreed' that additional clinical development was not needed for EDSIVO" and that Defendants misled investors about the level of risk by alleging that the FDA had agreed to something it had not. (*Id.* at 24-25 (quoting numerous allegations from the Second Amended Complaint that support this theory).) The Court accepted this argument, holding that "Skiadas' allegations support the inference that Defendants rationally (though recklessly) gambled that the FDA would ultimately approve EDSIVO, even though the FDA had never 'agreed' that it would approve EDSIVO without additional clinical development." (Order at 22.)

In their Motion for Reconsideration, Defendants completely ignore both the Court's holding and Plaintiff argument and just repeat what they said before. Defendants now cite *Nguyen*, 962 F.3d at 415, but it does not help their argument since it is very similar to other cases that Defendants cited in their earlier briefs and is easily distinguishable from this case. Unlike here, in *Nguyen*, the Plaintiff unequivocally argued that Defendants knew that the FDA would not approve the medical device in question. 962 F.3d at 415 (stating that Plaintiff alleged that the defendants "***knew*** 'the FDA would not approve [Nellix] for use in the U.S. because of the unacceptable safety risks device migration posed.'" (emphasis added)). Furthermore, the statements at issue in *Nguyen*, 962 F.3d at 410-411, concerned ***Defendants' expectation*** that the FDA would approve the medical device. Accordingly, in order for plaintiff to argue that the statements were false, the plaintiff had

12

to claim that the defendants knew the FDA would not approve the medical device. In contrast, here Defendants' statements about EDSIVO were false because they affirmatively declared that the FDA had agreed that additional clinical development was not needed for EDSIVO's approval even though the FDA had agreed to no such thing.[2] Defendants completely ignore these important distinctions.

Even if *Nguyen* was more helpful to Defendants, it would still not be grounds for reconsideration given that the Second Circuit follows the reasoning of *Tellabs* cited by the Court in its Order at 22-23: Defendants' "'argument confuses expected with realized benefits'". … "'[T]he benefits of concealment might [have] exceed[ed] the costs'". *Indiana Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 96–97 (2d Cir. 2016) (quoting *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 710 (7th Cir. 2008)).  Furthermore, as discussed above, the Court's Order was not heavily dependent on *MannKind*. The Court cited *MannKind* for a proposition that *Nguyen* does not even address, and *MannKind's* facts are distinct from *Nguyen* since, like this case, it concerned misstatements about what the FDA agreed to, not the defendants' expectations. *Nguyen* has no relevance here.

Defendants also cite *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) and *In re Loral Space & Commc'ns Ltd. Sec. Litig.*, No. 01 CIV.4388(JGK), 2004 WL 376442, at *7 (S.D.N.Y. Feb. 27, 2004), in support of the argument that the Plaintiff's theory is not plausible because courts assume that defendants act in their self-interest. (Mot. at 12.) As the Court held, when Defendants gambled by submitting EDSIVO to the FDA even though the FDA had not actually agreed that additional clinical development was not needed, they were acting in their

---

[2] As Plaintiff explained in his Opposition to Defendants' Motion to Dismiss, *Gillis v. QRX Pharma Ltd.*, 197 F. Supp. 3d 557, 590 (S.D.N.Y. 2016), is similarly inapposite because it concerned optimist predictions that put defendants' beliefs at issue, not historical statements about what the FDA said. (Opp. to MTD at 25.)

economic self-interest. The Court explained:

> [Acer's doubt about the Company's ability to continue as a going concern] meant that Defendants had an incentive to gamble that the FDA would approve EDSIVO by misrepresenting what the FDA 'agreed to.' If Acer did not raise funding, its SEC filings represented that it would run out of money and Defendants would have had no chance to bring EDSIVO to market. Better to say what was necessary to raise the money and hope that the FDA would eventually approve EDSIVO.

(Order at 21.) Accordingly, these cases do nothing to undermine the Court's well-reasoned decision.

### B. The Court Correctly Held that Plaintiff Pled that Defendants had Motive to Commit Fraud.

Defendants also argue that the Court committed clear error by holding that Defendants had a motive to commit fraud, but they fail to explain how controlling law compels a different result. The only Second Circuit case that Defendants cited in their Motion for Reconsideration was *Kalnit*, 264 F.3d at 139, which the Court also quoted. (Mot. at 8; Order at 21.) As the Court stated, *Kalnit*, stands for the proposition that "'[m]otives that are generally possessed by most corporate directors and officers do not suffice' to support a strong inference of scienter." (Order at 21 (quoting *Kalnit*, 264 F.3d at 139).) Contrary to the characterization in Defendants' Motion for Reconsideration, *Kalnit*, 264 F.3d at 139, does not actually say anything about whether avoiding bankruptcy or the desire to continue operating as a going concern are sufficient motives. (Mot. at 8.) The Court explained that Defendants had different incentives from a generic corporate insider:

> An executive at a company that will go belly up if it fails to fundraise has different incentives from a generic corporate insider. One salient difference is that the former executive has a stronger incentive to bet the farm in a reckless gamble because the alternative is certain failure. And Skiadas has alleged that Defendants had that incentive in this case. That allegation supports Skiadas' theory of scienter.

(Order at 21.)

Defendants cited another Second Circuit case, *Tabak v. Canadian Solar Inc.*, 549 F. App'x 24 (2d Cir. 2013), in their Motion to Dismiss. (Dkt. No. 50, Memorandum of Law in Support of

14

Defendants' Motion to Dismiss ("MTD") at 18.) They conspicuously failed to cite it in their Motion for Reconsideration after Plaintiff pointed out in his Opposition that *Tabak*, 549 F. App'x at 29, only held that plaintiff did not sufficiently plead motive in that particular case because the plaintiff "d[id] not allege that absent reporting the [misrepresentations defendant] would have been unable to complete the stock offering." (Opp. to MTD at 23.) Plaintiff further explained that this case met that standard because the misrepresentations were contained in the prospectuses' for secondary offerings whose explicit purpose was to raise money for EDSIVO and occurred shortly after Acer admitted that it needed to raise money to continue as a going concern. (*Id*.) The Second Circuit has also previously held that a plaintiff adequately alleged motive by alleging that defendants were motivated to misrepresent the status of strategic alliance negotiations to maintain a high stock price prior to the announcement of a new rights offering in order to lessen the dilutive effect. *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 269–270 (2d Cir. 1993). *Time Warner* contradicts Defendants extremely limited view of what can constitute motive in a securities fraud action, but, *Kalnit*, the only Second Circuit case Defendants cite, discussed *Time Warner* approvingly. *Kalnit*, 264 F.3d at 141.

Accordingly, Defendants do not come close to successfully arguing that the Court disregarded controlling authority when holding that Plaintiff pled that Defendants had a motive to commit fraud. Furthermore, as *Tellabs, Inc.*, 551 U.S. at 322–23, requires, the Court looked at scienter holistically and Defendants cannot reasonably argue that the Court erred by considering Defendants' motive allegations in tandem with other allegations to hold that the inference that Defendants had an intent to defraud was at least as compelling as any alternative inference. The only other motive cases that Defendants cite are district court cases, but, as the Court has held, holdings of other district courts are not an adequate basis for reconsideration. *See Palmer/kane*

15

*LLC*, 2016 WL 6238612, at \*4 ("The Court respects that judgment; however, the fact that another district court interpreted that evidence in a different manner and exercised its discretion differently…does not form an adequate basis for reconsideration.").[3] Furthermore, as the Court stated: "courts have found allegations of motive adequate where the company's needed to fundraise to survive." (Order at 21; *see also* Opp. to MTD at 22-23.) Finally, even if the Court were to, despite the weakness of Defendants' argument, reconsider its decision on motive, that would not be sufficient to overturn the Court's ruling on Defendants' Motion to Dismiss since its holding that Plaintiff pled scienter was based on numerous other grounds. (Order at 19-23.)  *See Tellabs*, 551 U.S. at 325 (motive allegations are not required to plead scienter).

## **CONCLUSION**

For the reasons above, Defendants' Motion for Reconsideration should be denied in its entirety.

---

[3] While Defendants cite cases where there were allegations that companies were motivated to avoid financial problems, they fail to account for the unique circumstances of this case. Here, Defendants ***themselves*** admitted that they needed to raise money to continue as a going concern. Additionally, the misrepresentations were contained in documents for a secondary offering to explicitly raise money for EDSIVO and concerned by far the most important issue concerning EDSIVO — FDA approval. (Opp. to MTD at 23.)

16

Dated: July 13, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
By: /s/*Laurence Rosen*

Laurence Rosen
Phillip Kim
Brian B. Alexander
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
        pkim@rosenlegal.com
        balexaner@rosenlegal.com

*Counsel for Plaintiff and the Class*

17