UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS SKIADAS, *individually and on behalf of all others similarly situated*,

  Plaintiffs,

  -against-

ACER THERAPEUTICS INC., CHRIS SCHELLING, and HARRY PALMIN,

  Defendants.

Case No. 1:19-CV-6137-GHW

Oral Argument Requested

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE JUNE 16, 2020 MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED <u>COMPLAINT</u>**

MORRISON & FOERSTER LLP

Jamie A. Levitt
Lauren M. Gambier
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: JLevitt@mofo.com
    LGambier@mofo.com

Jordan Eth (admitted *pro hac vice*)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: JEth@mofo.com

*Attorneys for Defendants Acer Therapeutics Inc., Chris Schelling, and Harry Palmin*

Defendants submit this reply memorandum in further support of their Motion for Reconsideration of the June 16, 2020 Memorandum Opinion and Order on Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. No. 59) (the "Motion" or "Mot."), to correct the most glaring flaws in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Reconsideration (Dkt. No. 61) ("Opp.").

First, Plaintiff has not identified and cannot identify any case law that allows this Court to resolve ambiguity in Plaintiff's favor to meet the heightened pleading standard for falsity. As Plaintiff had to concede, the language in *Umbach v. Carrington Inv. Partners*, No. 3:08-CV-484(EBB), 2009 WL 413346 (D. Conn. Feb. 18, 2009) that this Court cited in its June 16, 2020 Order (Dkt. No. 54 (the "Order") was about *reliance*, not *falsity*. Plaintiff says "it is not clear why that matters." Opp. at 8. It matters because there are exacting standards for pleading a false statement—an essential element of a claim for securities fraud—and *Umbach* does not stand for the proposition that ambiguity can be resolved in a plaintiff's favor to find *falsity*. Plaintiff attempts to create the impression that the *Umbach* court declined to dismiss because the *challenged statement* was ambiguous (*id.* at 7), but this is incorrect. In *Umbach*, neither party alleged, and the court did not hold, that the alleged false statement was ambiguous. The *Umbach* court held, and the defendants did not dispute, that the challenged statement was false; the issue was whether the plaintiff could have reasonably relied on the concededly false statement.

Plaintiff also ignores clear Second Circuit authority holding that context matters when assessing whether a statement is false, by misrepresenting both the Order and Defendants' arguments. This Court explicitly stated that context weighs in favor of construing the challenged statements to be about submission, not approval, but that it nevertheless construed the statements the other way around because of their alleged ambiguity. Order at 16-17. Under controlling Second Circuit authority, the Court's finding that context weighs in favor of adopting

1

Defendants' interpretation means that the Court *must* adopt Defendants' interpretation of the statements when assessing falsity.  The general maxim Plaintiff focuses on of drawing inferences in a plaintiff's favor in the face of ambiguity *does not apply* in the context of the heightened pleading standard.  Rule 9(b) and the Private Securities Litigation Reform Act require pleading that a statement *is* false, not that it might be false if Plaintiff is given the benefit of the doubt.  This is why courts have expressly stated that ambiguity counts against finding falsity and scienter.[1]

On the issue of motive to commit fraud, Plaintiff's argument is that cases from this very Circuit are not relevant to the Court's determination.  Opp. at 14-15.  In other words, Plaintiff asks this Court to disregard the mountain of case law in this Circuit—*Kalnit v. Eichler*, 264 F.3d 131 (2d Cir. 2001) *and* the six other Southern District of New York cases cited on page 7 of Defendant's motion—holding that a desire to avoid bankruptcy is *insufficient* as a matter of law to plead motive to commit fraud.  Plaintiff has not cited a single case in this Circuit holding otherwise.  And he has no response to, and indeed ignores, Defendants' argument that the Court's reliance on *Frater v. Hemispherx Biopharma, Inc.*, 996 F. Supp. 2d 335 (E.D. Pa. 2014) was in error because it contradicts this Circuit's law.

Finally, Plaintiff attempts to explain away the Court's use of the "plausibility" standard for scienter by claiming that Defendants are merely "nitpicking" about word choice.  Opp. at 2.  This is wrong.  The Order cited the correct standard, but then repeatedly stated that Plaintiff's scienter theory is "plausible," and never once held that Plaintiff pled a cogent, compelling inference of scienter.  *See* Mot. at 8.  Nor could it, as numerous courts have held that Plaintiff's

---

[1] Plaintiff argues that it is somehow improper for Defendants to raise this argument on a motion for reconsideration, despite the fact that it directly responds to the Court's holding.  *See* Opp. at 7.  Defendants did not raise this argument during the initial briefing on the motion to dismiss because *Plaintiff never alleged* that the challenged statements are ambiguous.

theory of scienter is *not* plausible, let alone cogent or compelling. Indeed the Court's own finding that the challenged statements are ambiguous further supports a finding that Plaintiff has not adequately pled scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 326 (2007) ("[A]mbiguities count *against* inferring scienter") (emphasis added). This makes sense: mere ambiguity does not constitute the "extreme departure from the standards of ordinary care" required to establish scienter via recklessness. *S. Cherry Street, LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 109 (2d Cir. 2009) (citation omitted).

## CONCLUSION

For the reasons set forth above and in the opening Motion, Defendants respectfully request that the Court reconsider the June 16, 2020 Order to the extent it denied Defendants' Motion to Dismiss the Second Amended Complaint.

Dated: New York, New York
      July 17, 2020

MORRISON & FOERSTER LLP

By: */s/ Jamie A. Levitt*

Jamie A. Levitt
Lauren M. Gambier
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: JLevitt@mofo.com
      LGambier@mofo.com

Jordan Eth (admitted *pro hac vice*)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: JEth@mofo.com

*Attorneys for Defendants Acer Therapeutics Inc., Chris Schelling, and Harry Palmin*

3