UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS SKIADAS, *individually and on behalf of all others similarly situated*,

Plaintiffs,

-against-

ACER THERAPEUTICS INC., CHRIS SCHELLING, and HARRY PALMIN,

Defendants.

Case No. 1:19-CV-6137-GHW

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT**

**CLASS ACTION**

---

Defendants Acer Therapeutics Inc. ("Acer" or the "Company"), Chris Schelling, and Harry Palmin ("Defendants") hereby submit their Answer and Affirmative Defenses in response to Plaintiff's Second Amended Class Action Complaint for Violation of the Securities Laws (the "Complaint").

Defendants state that headings and sub-headings throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is deemed required, Defendants deny the allegations contained in the headings and sub-headings in the Complaint. To the extent Defendants use terms in this Answer defined in the Complaint, that use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to the defined terms.

Unless otherwise indicated, the statements herein pertain to the period between December 12, 2017, and June 24, 2019. Except as expressly admitted, Defendants deny each and every allegation contained in the Complaint.

**RESPONSE TO NATURE OF THE ACTION**

1.      Defendants state that paragraph 1 and footnote 1 of the Complaint contain legal conclusions and characterizations to which no response is required. To the extent a response is

required, Defendants deny the allegations contained in this paragraph of the Complaint, except admit that this is a purported securities class action on behalf of purchasers of Acer securities, Chris Schelling is president and chief executive officer of Acer, and Harry Palmin is chief financial officer ("CFO") and chief operating officer of Acer.

2.     Defendants admit the allegations in paragraph 2 of the Complaint.

3.     Defendants admit the allegations in paragraph 3, except deny that Acer has spent over 80% of its research and development expenses on EDSIVO since the Company was founded in 2013.  Acer spent over 80% of its research and development expenses on EDSIVO during the period from 2013 through June 2018.

4.     Defendants deny the allegations contained in paragraph 4 of the Complaint, except admit that celiprolol has not been approved for any indication in the United States, celiprolol has been approved for the treatment of hypertension in the European Union since 1984, celiprolol is used to treat vEDS patients in Europe, and the FDA has a policy for the importation of unapproved pharmaceuticals for personal use under certain circumstances.

5.     To the extent paragraph 5 of the Complaint seeks to characterize the Ong Trial, Defendants state that it is a publicly available document that speaks for itself.  Defendants deny the remaining allegations in this paragraph of the Complaint, except admit that Acer acquired an exclusive license to the data from the Ong Trial, and Acer submitted the Ong Trial data to support the New Drug Application ("NDA") for EDSIVO.

6.     Defendants deny the allegations in paragraph 6 of the Complaint, except admit that the FDA has a program to encourage the development of "orphan drugs," Acer confirmed the Ong Trial data by conducting a retrospective source verified analysis of the data, and Acer submitted the Ong Trial data to support the NDA for EDSIVO.

2

7.     Defendants deny the allegations contained in paragraph 7 of the Complaint, except admit that Acer went public and completed a reverse merger in September 2017.

8.     To the extent that paragraph 8 of the Complaint seeks to characterize Acer's publicly filed documents, Defendants state that the documents speak for themselves, and no response is required.  Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9.     Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.     To the extent paragraph 10 of the Complaint seeks to characterize publicly available documents regarding the Long-Term Observational Study, Defendants state that the documents speak for themselves.   Defendants deny the remaining allegations in paragraph 10 of the Complaint, except admit that on April 16, 2019 Acer announced the publication of the data from the Long-Term Observational Study.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint, except admit that on June 25, 2019, Acer announced that the FDA issued a Complete Response Letter ("CRL") denying the Company's NDA for EDSIVO, the CRL is not publicly available, and the per-share price of Acer common stock closed at $4.12 on June 25, 2019.  To the extent that paragraph 11 seeks to characterize the statements in Acer's June 25, 2019, announcement, Defendants state that the document speaks for itself and no response is required.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

### RESPONSE TO JURISDICTION AND VENUE

13.     Defendants state that paragraph 13 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph of the Complaint.

14. Defendants state that paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Complaint.

15. Defendants state that paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Complaint.

16. Defendants state that paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Complaint.

**RESPONSE TO ALLEGATIONS REGARDING PARTIES**

17. Defendants deny that Plaintiff purchased Acer securities at artificially inflated prices and deny that Plaintiff has been damaged. Defendants further state that paragraph 17 of the Complaint consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Complaint.

18. Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegation in paragraph 18 that Acer's securities trade in an efficient market and, on that basis, deny that allegation. Defendants admit the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit Harry Palmin served as Acer's CFO since September 2017, chief operating officer since September 2018, and Private Acer's acting CFO from February 2016 until September 2017.

21.    Defendants state that paragraph 21 of the Complaint contains Plaintiff's characterizations to which no response is required.

22.    Defendants deny the allegations contained in paragraph 22 of the Complaint, except admit that the Chris Schelling and Harry Palmin directly participated in the management of the Company; were directly involved in the day-to-day operations of the Company at the highest levels; were privy to confidential proprietary information concerning the Company and its business and operations; were directly or indirectly involved in the oversight or implementation of the Company's internal controls within their respective roles and responsibilities at Acer; and certified, pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), as to the Company's compliance with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934 and to the Company's quarterly and annual reports filed with the Securities and Exchange Commission.

23.    Defendants state that paragraph 23 of the Complaint contains Plaintiff's characterizations to which no response is required.

**RESPONSE TO ALLEGATIONS REGARDING EXPERT DR. PHILLIP LAVIN**

24.    Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 24 of the Complaint and, on that basis, deny them.

25.    Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 25 of the Complaint and, on that basis, deny them.

26.    Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 26 of the Complaint and, on that basis, deny them.

27.     Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 27 of the Complaint and, on that basis, deny them.

28.     Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 28 of the Complaint and, on that basis, deny them.

29.     Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 29 of the Complaint and, on that basis, deny them.

30.     Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 30 of the Complaint and, on that basis, deny them.

31.     Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 31 of the Complaint and, on that basis, deny them.

## RESPONSE TO SUBSTANTIVE ALLEGATIONS

### Background of Acer

32.     Defendants admit the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint, except admit that Acer merged with Opexa in September 2017.

34.     Defendants deny the allegation in paragraph 34 that the business that Opexa had formerly conducted became primarily the business conducted by Private Acer, except admit that, following the completion of the merger, the business conducted by Opexa became primarily the

business conducted by Private Acer. Defendants admit the remaining allegations contained in paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains characterizations of and quotations from Acer's 2018 10-K and 2019 10-K that speak for themselves and to which no response is required.

37. Paragraph 37 of the Complaint contains characterizations of and quotations from Acer's 2018 10-K and 2019 10-K that speak for themselves and to which no response is required. Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains characterizations of and quotations from Acer's 2018 10-K and 2019 10-K that speak for themselves and to which no response is required. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

**Celiprolol is one of several similar beta-blockers prescribed off-label to treat vEDS**

39. Defendants admit the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint, except admit that celiprolol has not been approved for any indication in the United States, celiprolol has been approved for the treatment of hypertension in the European Union since 1984, celiprolol is used to treat vEDS patients in Europe, and the FDA has a policy for the importation of unapproved pharmaceuticals for personal use under certain circumstances.

41. The allegations in paragraph 41 of the Complaint contain Plaintiff's characterization of the June 25, 2019 "Statement on Celiprolol" that speaks for itself and to which no response is required. Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42. The allegations in paragraph 42 of the Complaint contain Plaintiff's characterization of the "Consensus statement from the Ehlers-Danlos Society and professional

members of the vEDS community" that speaks for itself and to which no response is required. Defendants deny the remaining allegations in paragraph 42 of the Complaint.

**In preparation for its push to commercialize celiprolol in the United States under the name EDSIVO, Acer Acquired the rights to an old study of the drug instead of conducting new research.**

43. Defendants admit the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint, except admit that Acer intended to use the Ong Trial data for the NDA for EDSIVO. Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegation regarding the purpose of Orphan Drug Exclusivity contained in this paragraph of the Complaint and, on that basis, deny it. This paragraph of the Complaint also contains a characterization of the December 13, 2016, press release that speaks for itself and to which no response is required.

45. The allegations in paragraph 45 of the Complaint contain Plaintiff's characterization of the Ong Trial data that is publicly available, speaks for itself, and to which no response is required.

46. The allegations in paragraph 46 of the Complaint contain Plaintiff's characterization of the September 25, 2017, press release that speaks for itself and to which no response is required.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding alleged analysts' expectations.

**Acer raised money from investors by claiming that the FDA "agreed" that "additional clinical development" beyond the Ong Trial was "not needed."**

48. Defendants deny the allegations contained in paragraph 48 of the Complaint, except admit that Acer initiated a public offering in December 2017.

49.    Defendants admit, as alleged in paragraph 49 of the Complaint, that Acer filed a Preliminary Prospectus Supplement on December 11, 2017, and Prospectus Supplement on December 12, 2017.    To the extent paragraph 49 of the Complaint contains Plaintiff's characterization of and quotation from the December 11, 2017, Preliminary Prospectus Supplement and December 12, 2017, Prospectus Supplement, Defendants state that the documents speak for themselves, and no response is required.

50.    Defendants admit, as alleged in paragraph 50 of the Complaint, that Acer filed its 2017 10-K on March 7, 2018.  To the extent paragraph 50 of the Complaint contains Plaintiff's characterization of and quotation from the 2017 10-K, Defendants state that the document speaks for itself, and no response is required.  Defendants deny the remaining allegations in paragraph 50 of the Complaint.

51.    The allegations in paragraph 51 of the Complaint contain Plaintiff's characterization of and quotation from the December 11, 2017, Preliminary Prospectus Supplement and 2017 10-K that speak for themselves and to which no response is required. Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52.    Defendants admit, as alleged in paragraph 52 of the Complaint, that Acer filed a Preliminary Prospectus Supplement on July 31, 2018, and a Prospectus Supplement on August 1, 2018.  To the extent paragraph 52 of the Complaint contains Plaintiff's characterization of the July 31, 2018, Preliminary Prospectus Supplement and August 1, 2018, Prospectus Supplement, Defendants state that the documents speak for themselves, and no response is required.  Defendants deny the remaining allegations in paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in paragraph 53 of the Complaint.

**Acer's statements concerning its agreement with the FDA were highly material to investors because the Ong Trial was Deeply Flawed.**

54.     To the extent paragraph 54 of the Complaint seeks to characterize the Ong Trial, Defendants state that it is a publicly available document, speaks for itself, and no response is required.  To the extent paragraph 54 of the Complaint seeks to characterize Acer's filings with the SEC and September 25, 2017, Press Release, Defendants state that these documents speak for themselves, and no response is required.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of allegations regarding what Plaintiff asked Dr. Lavin or what Dr. Lavin "identified."

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of allegations regarding what Dr. Lavin "explained."

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of allegations regarding what Dr. Lavin "explained."

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of allegations regarding what Dr. Lavin "opined."  Footnote 6 contains a quotation from 21 C.F.R. § 314.126(b) that speaks for itself and to which no response is required.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of allegations regarding what Dr. Lavin "identified."

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of allegations regarding what Dr. Lavin "raised."

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of allegations regarding what Dr. Lavin "identified" or what Dr. Lavin's opinion is.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants state the allegations in paragraph 64 of the Complaint contain Plaintiff's characterization of the January 28, 2019, *Pharmaceutical Technology* article that speaks for itself and to which no response is required.  Defendants deny the remaining allegations in paragraph 64 of the Complaint.

65.     Defendants state the allegations in paragraph 65 of the Complaint contain Plaintiff's characterization of the Ehlers-Danlos Society and Marfan Foundation's statements that speak for themselves and to which no response is required.  Defendants deny the remaining allegations in paragraph 65 of the Complaint.

66.     Defendants state the allegations in paragraph 66 of the Complaint contain Plaintiff's characterization of the August 9, 2019, "Consensus statement from the Ehlers-Danlos Society and professional members of the vEDS community" that speaks for itself and to which no response is required.

67.     Defendants state the allegations in paragraph 67 of the Complaint contain Plaintiff's characterization of the June 25, 2019, "Statement on Celiprolol" that speaks for itself and to which no response is required.

68. Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 68 of the Complaint and, on that basis, deny them.

69. Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 69 of the Complaint and, on that basis, deny them.

70. Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations contained in paragraph 70 of the Complaint and, on that basis, deny them.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

**The FDA's Process for Reviewing Acer's NDA for EDSIVO**

72. The allegations in paragraph 72 of the Complaint contain Plaintiff's characterization of and quotation from the FDA website that speaks for itself and to which no response is required.

73. The allegations in paragraph 73 of the Complaint contain Plaintiff's characterization of and quotation from the FDA website that speaks for itself and to which no response is required.

74. Defendants admit, as alleged in paragraph 74 of the Complaint, that Acer filed its 2018 10-K on March 7, 2018. To the extent paragraph 74 of the Complaint contains a quotation from the 2018 10-K, Defendants state that the document speaks for itself, and no response is required.

75. The allegation in paragraph 75 of the Complaint contains a characterization of the 2018 10-K that speaks for itself and to which no response is required.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Dr. Lavin "opined."

77.     The allegation in paragraph 77 of the Complaint contains a characterization of and quotation from the FDA website that speaks for itself and to which no response is required.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dr. Lavin's "opinion."

79.     The allegations in paragraph 79 and footnote 10 of the Complaint contain a characterization of and quotation from 21 C.F.R. § 314.110(a) that speaks for itself and to which no response is required.  Defendants further state that this paragraph of the Complaint contains quotations from the 2018 10-K that speaks for itself and to which no response is required.

**As part of its standard procedures, the FDA would have made Acer aware of its concerns about the Ong Trial prior to when Acer filed its NDA for EDSIVO**

80.     Defendants deny the allegations in paragraph 80 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dr. Lavin's opinion.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dr. Lavin's opinion.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dr. Lavin's opinion.

83.     To the extent paragraph 83 of the Complaint seeks to characterize Acer's SEC filings, Defendants state that these documents speak for themselves, and no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding Dr. Lavin's opinion or what Dr. Lavin "would have expected."

84.     Paragraph 84 of the Complaint contains a quotation from the 2017 10-K that speaks for itself and to which no response is required.

85.     Paragraph 85 of the Complaint contains quotations and characterizations from the 2017 10-K that speaks for itself and to which no response is required.

86.     Paragraph 86 of the Complaint contains quotations and characterizations from the March 7, 2018, Press Release that speaks for itself and to which no response is required.

87.     Defendants admit, as alleged in paragraph 87 of the Complaint, that Acer issued a press release on August 13, 2018.  To the extent this paragraph seeks to characterize the August 13, 2018, Press Release, Defendants state the document speaks for itself, and no response is required.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dr. Lavin's opinion.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint contains quotations and characterizations from the August 13, 2018, Press Release that speaks for itself and to which no response is required.

92.     Paragraph 92 of the Complaint contains characterizations of Acer's press releases and SEC filings that speak for themselves and to which no response is required.  Defendants deny the remaining allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dr. Lavin's opinion.

**In the year leading up to Acer's submission of its NDA for EDSIVO and while the NDA was under submission, it continued to signal to the market that the FDA had agreed to approve it.**

94.     Defendants deny the allegation contained in paragraph 94 of the Complaint.

95.     Defendants admit, as alleged in paragraph 95 of the Complaint, that Acer issued a press release on February 5, 2018.  To the extent this paragraph seeks to characterize the February 5, 2018, Press Release, Defendants state that the document speaks for itself, and no response is required.

96.     Paragraph 96 of the Complaint contains quotations from and characterizations of the March 7, 2018, Press Release that speaks for itself and to which no response is required.

97.     Defendants admit, as alleged in paragraph 97 of the Complaint, that Acer issued a press release on May 14, 2018.  To the extent this paragraph seeks to characterize the May 14, 2018, Press Release, Defendants state that the document speaks for itself, and no response is required.

98.     Paragraph 98 of the Complaint contains quotations from and characterizations of the August 13, 2018, Press Release that speaks for itself and to which no response is required.

99.     Defendants admit, as alleged in paragraph 99 of the Complaint, that Acer issued a press release on October 29, 2018.  To the extent this paragraph seeks to characterize the October

29, 2018, Press Release, Defendants state that the document speaks for itself, and no response is required.

100.    Defendants admit, as alleged in paragraph 100 of the Complaint, that Acer issued a press release on December 26, 2018.   To the extent this paragraph seeks to characterize the December 26, 2018, Press Release, Defendants state that the document speaks for itself, and no response is required.

101.    Defendants admit, as alleged in paragraph 101 of the Complaint that Acer issued a press release on April 16, 2019.  To the extent this paragraph seeks to characterize the April 16, 2019, Press Release, Defendants state the document speaks for itself, and no response is required.

102.    Paragraph 102 of the Complaint contains quotations from the May 14, 2018, Press Release that speaks for itself and to which no response is required.

103.    Paragraph 103 of the Complaint contains quotations from and characterizations of the article "Vascular Ehlers-Danlos Syndrome Management: The Paris Way, A Step Forward on a Long Road" that speaks for itself and to which no response is required.  Defendants deny the remaining allegations in paragraph 103 of the Complaint.

### The FDA Issues a CRL to Acer for EDSIVO, revealing that  it had never agreed that additional clinical development was not needed for EDSIVO.

104.    Defendants admit, as alleged in paragraph 104 of the Complaint, that Defendants issued a press release on June 25, 2019, and that the CRL is not available to the public.  To the extent this paragraph seeks to characterize the June 25, 2019, Press Release, Defendants state that the document speaks for itself, and no response is required.

105.    Defendants admit, as alleged in paragraph 105 of the Complaint, that Acer issued a press release on July 5, 2019.  To the extent this paragraph seeks to characterize the July 5, 2019, Press Release, Defendants state that the document speaks for itself, and no response is required.

**RESPONSE TO MATERIALLY FALSE AND MISLEADING
STATEMENTS ISSUED DURING THE CLASS PERIOD**

106.    Paragraph 106 and footnote 15 of the Complaint contain quotations from and characterizations of the December 11, 2017, Preliminary Prospectus Supplement and December 12, 2017, Prospectus Supplement that speak for themselves and to which no response is required. Defendants further lack sufficient knowledge and information to form a belief regarding the truth of the allegation contained in footnote 14 and, on that basis, deny it.

107.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint contains quotations from the 2017 10-K that speaks for itself and to which no response is required.

109.    Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    Paragraph 110 of the Complaint contain quotations from the 2017 10-K that speaks for itself and to which no response is required.

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint contains a quotation from the July 31, 2018, Preliminary Prospectus Supplement and footnote 16 contains a characterization of the July 31, 2018, Preliminary Prospectus Supplement that speak for themselves and to which no response is required.

113.    Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.    Paragraph 114 of the Complaint contains a quotation from the July 31, 2018, Preliminary Prospectus Supplement that speaks for itself and to which no response is required.

115.    Defendants deny the allegations contained in paragraph 115 of the Complaint.

**RESPONSE TO LOSS CAUSATION**

116. Paragraph 116 of the Complaint contains a quotation from and characterization of the June 25, 2019, Press Release that speaks for itself and to which no response is required.

117. Defendants deny the allegations contained in paragraph 117 of the Complaint, except admit that on June 25, 2019, the per-share price of Acer common stock closed at $4.12.

118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

**RESPONSE TO ADDITIONAL SCIENTER ALLEGATIONS**

**Defendants were motivated to make false and misleading statements because Acer needed to raise money to continue as a going concern.**

119. Defendants admit, as alleged in paragraph 119 of the Complaint, that Acer filed its 3Q2017 10-Q on November 13, 2017. To the extent paragraph 119 contains a quotation from and characterization of the 3Q2017 10-Q, Defendants state that the document speaks for itself, and no response is required. Defendants deny the remaining allegations in paragraph 119 of the Complaint.

120. Paragraph 120 of the Complaint contains a quotation from the 3Q2017 10-Q that speaks for itself and to which no response is required.

121. Paragraph 121 of the Complaint contains a quotation from the 3Q2017 10-Q that speaks for itself and to which no response is required.

122. Paragraph 122 of the Complaint contains quotations from the 3Q2017 10-Q that speaks for itself and to which no response is required.

123. Paragraph 123 of the Complaint contains a quotation from the 3Q2017 10-Q that speaks for itself and to which no response is required.

124. Defendants admit, as alleged in paragraph 124 of the Complaint, that Acer issued a press release on December 11, 2017. To the extent the paragraph seeks to characterize the

December 11, 2017, Press Release, Defendants state that the document speaks for itself, and no response is required.

125. Defendants deny the allegation contained in paragraph 125 of the Complaint. To the extent Plaintiff characterizes and quotes from the preliminary and final prospectus supplement, those documents speak for themselves and no response is required.

126. Defendants admit, as alleged in paragraph 126 of the Complaint, that Acer issued a press release on December 14, 2017. To the extent the paragraph seeks to characterize the December 14, 2017, Press Release, Defendants state that the document speaks for itself, and no response is required.

127. Defendants admit, as alleged in paragraph 127 of the Complaint, that Acer issued a press release on December 27, 2017. To the extent the paragraph seeks to characterize the December 27, 2017, Press Release, Defendants state that the document speaks for itself, and no response is required.

128. Paragraph 128 of the Complaint contains a quotation from the 2017 10-K that speaks for itself and to which no response is required.

129. Paragraph 129 of the Complaint contains a quotation from the 2017 10-K that speaks for itself and to which no response is required.

130. Paragraph 130 of the Complaint contains a quotation from the 3Q2017 10-Q that speaks for itself and to which no response is required.

131. Defendants admit, as alleged in paragraph 131 of the Complaint, that Acer issued a press release on May 31, 2018. To the extent the paragraph seeks to characterize the May 31, 2018, Press Release, Defendants state that the document speaks for itself, and no response is required.

132.    Defendants admit, as alleged in paragraph 132 of the Complaint, that Acer issued a press release on August 1, 2018.  To the extent the paragraph seeks to characterize the August 1, 2018, Press Release, Defendants state that the document speaks for itself, and no response is required.

133.    Defendants deny the allegation contained in paragraph 133 of the Complaint.  To the extent Plaintiff characterizes and quotes from the preliminary and final prospectus supplement, those documents speak for themselves and no response is required.

134.    Paragraph 134 of the Complaint contains a characterization of and quotations from the August 3, 2018, Press Release that speaks for itself, and to which no response is required.  Defendants deny the remaining allegations contained in paragraph 134 of the Complaint.

135.    Paragraph 135 of the Complaint contains a quotation from the 2018 10-K that speaks for itself and to which no response is required.

136.    Defendants deny the allegations contained in paragraph 136 of the Complaint.

**Defendants Schelling and Palmin behaved intentionally or recklessly when they approved Acer's SEC filings.**

137.    Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Complaint, except admit that Chris Schelling and Harry Palmin were provided with copies of the Company's SEC filings before their issuance.  To the extent the allegation in this paragraph of the Complaint contains a quotation from the 2017 10-K, Defendants state that the document speaks for itself, and no response is required.

139.    Defendants deny the allegations contained in paragraph 139 of the Complaint.

**There is a strong inference Acer acted with Scienter**

140.   Defendants state the allegations in paragraph 140 of the Complaint contain legal argument and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph of the Complaint, except admit that Chris Schelling and Harry Palmin were high-ranking management-level employees of Acer.

141.   Defendants state that paragraph 141 of the Complaint contains legal argument and conclusions to which no response is required.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**RESPONSE TO PLAINTIFF'S CLASS ACTION ALLEGATIONS**

142.   The allegations contained in paragraph 142 of the Complaint contain legal arguments, characterizations, and conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

143.   The allegations contained in paragraph 143 of the Complaint consist of legal arguments, characterizations, and conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph of the Complaint, except admit that the Company's securities were traded on NASDAQ during the alleged class period.

144.   The allegations contained in paragraph 144 of the Complaint contain legal arguments, characterizations, and conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

145.   The allegations contained in paragraph 145 of the Complaint contain legal arguments, characterizations, and conclusions to which no response is required.  To the extent the

allegations in this paragraph are deemed factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

146.    The allegations contained in paragraph 146 of the Complaint contain legal arguments, characterizations, and conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

147.    The allegations contained in paragraph 147 of the Complaint contain legal arguments, characterizations, and conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

148.    The allegations contained in paragraph 148 of the Complaint contain legal arguments, characterizations, and conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of the Complaint.

<u>**RESPONSE TO COUNT I**</u>

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5**
<u>**Against All Defendants**</u>

151.    Defendants state that no response is required to paragraph 151 of the Complaint. To the extent a response is required, Defendants incorporate their responses to paragraphs 1-150, above.

152.    The allegations contained in paragraph 152 of the Complaint contain legal arguments, characterizations, and conclusions to which no response is required.  To the extent the

allegations in this paragraph are deemed factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

153.    Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in paragraph 159 of the Complaint.

## RESPONSE TO COUNT II

**Violations of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

160.    Defendants state that no response is required to paragraph 160 of the Complaint. To the extent a response is required, Defendants incorporate their responses to paragraphs 1-159, above.

161.    Defendants deny the allegations contained in paragraph 161 of the Complaint, except admit that Chris Schelling and Harry Palmin participated in the operation and management of the Company and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs.

162.    Defendants deny the allegations contained in paragraph 162 of the Complaint. This paragraph of the Complaint also contains legal conclusions and characterizations to which no response is required.

163.    Defendants deny the allegations contained in paragraph 163 of the Complaint. This paragraph also contains legal arguments, characterizations, and conclusions to which no response is required.

164.    Paragraph 164 contains legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in this paragraph of the Complaint are deemed factual allegations to which a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

165.    Defendants deny the allegations contained in paragraph 165 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief that appears on pages 52 and 53 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative and/or other defenses. To the extent that a defense asserted herein is an ordinary defense, Defendants do not intend to, and do not, assume any burden of proof, production, or persuasion that would not apply if such defense were not asserted herein. Defendants reserve the right to raise any additional defenses not asserted herein of which they may become aware through discovery or other investigation.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each cause of action alleged in the Complaint, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Plead Fraud with Particularity)

The Complaint fails to plead fraud with particularity.

24

## THIRD AFFIRMATIVE DEFENSE
### (No False or Misleading Statements)

There were no untrue statements of material fact, omissions of material fact, or misleading statements contained in Acer's public filings.

## FOURTH AFFIRMATIVE DEFENSE
### (Reliance on Others)

The claims of Plaintiff and individual members of the putative class are barred, in whole or in part, because the alleged misrepresentations or omissions were based on good faith and reasonable reliance upon the work, opinions, information, representations, and advice of others upon whom Defendants were entitled to rely.

## FIFTH AFFIRMATIVE DEFENSE
### (Absence of Reliance)

This action is barred, in whole or in part, because of the absence of actual reliance by Plaintiff or the individual members of the putative class on the statements, acts, or omissions alleged to have been made or, in the alternative, because any reliance (if proved) was unreasonable.

## SIXTH AFFIRMATIVE DEFENSE
### (Right to Rebut Presumption of Reliance)

This action is barred, in whole or in part, because the fraud on the market theory is not a basis of liability with respect to one or more of the claims alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Materiality)

Any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other allegedly actionable conduct contained in Acer's public filings or otherwise attributed to Acer (all of which Defendants deny) was not material to the investment decisions of a reasonable investor.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

The claims of Plaintiff and individual members of the putative class are barred, in whole or in part, because Defendants acted at all times in good faith and exercised reasonable care and did not know, and, in the exercise of reasonable care, could not have known, of any alleged misconduct, untruth, omission, or any other action alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

This action is barred, in whole or in part, because no person or entity may recover from any Defendant to the extent such person or entity had actual or constructive knowledge of the facts alleged in the Complaint to have been concealed or misrepresented.

## TENTH AFFIRMATIVE DEFENSE
### (Bespeaks Caution Doctrine)

The claims of Plaintiff and individual members of the putative class are barred, in whole or in part, by the fact that the alleged misstatements and omissions fall within the "bespeaks caution" doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

The claims of Plaintiff and individual members of the putative class are barred, in whole or in part, by the fact that the alleged misstatements and omissions are forward-looking statements that fall within the "Safe Harbor" provisions of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (Dec. 22, 1995), codified in relevant part at 15 U.S.C. § 78u-4 *et seq.*

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff or the individual members of the putative class have failed to fulfill their duty to mitigate, reduce, or otherwise avoid the stated damages, and Plaintiff or individual members of the putative class are, therefore, barred from recovering such damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Culpable Participation)

The claims of Plaintiff and individual members of the putative class are barred, in whole or in part, because Defendants were not culpable participants in any act or acts alleged to constitute a violation of law.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Offset)

Any harm suffered or damages incurred by Plaintiff or the members of the putative class are subject to offset in the amount of any benefit received by Plaintiff or the individual members of the putative class through their investments, including, but not limited to, any tax, insurance, or indemnification benefit, or proceeds received from hedging or short selling.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Causation)

Plaintiff's claims are barred, whole or in part, because no act or omission attributed to the Defendants was the proximate cause of any injury suffered by any member of the purported class.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Causation)

Plaintiff's claims are barred, in whole or in part, because factors other than the alleged untrue statements of material fact, omissions of material fact, or misleading statements allegedly contained in Acer's public filings influenced the price of Acer securities when the members of the

purported class acquired Acer securities and/or those factors or similar factors caused any alleged decline in the price of Acer securities.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Control Person Liability)

Chris Schelling and Harry Palmin are not liable as "control persons" because they had no knowledge or reasonable ground to believe in the existence of facts by reason of which the liability of the "controlled person" is alleged to exist.

WHEREFORE, having fully answered the Second Amended Complaint, Defendants pray for judgment with respect to the Complaint as follows:

a.      That Plaintiff takes nothing by his Complaint;

b.      That the Court deny certification of any and all proposed classes of Plaintiff;

c.      That the Court enter judgment against Plaintiffs and in favor of Defendants on all of the claims set forth in the Complaint;

d.      That the Court award Defendants all of its reasonable costs and attorneys' fees; and

e.      That the Court award Defendants such other relief as the Court shall deem just and proper.

Dated: New York, New York
August 7, 2020

MORRISON & FOERSTER LLP

By: */s/ Jamie A. Levitt*

Jamie A. Levitt
Lauren M. Gambier
250 West 55th Street
New York, New York  10019
T:  212.468.8000
F:  212.468.7900
Email:  JLevitt@mofo.com
LGambier@mofo.com

Jordan Eth (admitted *pro hac vice*)
425 Market Street
San Francisco, California 94105
T:  415.268.7000
F:  415.268.7522
Email:  JEth@mofo.com

*Attorneys for Defendants Acer Therapeutics
Inc., Chris Schelling, and Harry Palmin*

29