UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NICHOLAS SKIADAS,
individually, and on behalf of
all others similarly situated,

                    Plaintiff,

          v.                              19 CV 6137 (GHW)

ACER THERAPEUTICS, INC., *et
al.*,

                    Defendants.           Telephone Conference

------------------------------x

                                          New York, N.Y.
                                          November 25, 2020
                                          11:00 a.m.

Before:

                    HON. GREGORY H. WOODS,

                                          District Judge

                          APPEARANCES

THE ROSEN LAW FIRM, P.A.
     Attorneys for Plaintiff
BY:  LAURENCE ROSEN
     BRIAN B. ALEXANDER

MORRISON & FOERSTER LLP
     Attorneys for Defendants
BY:  JAMIE A. LEVITT
     JORDAN ETH
     MICHAEL G. AHERN

(Case called)

THE COURT:  Let me first take the parties' appearances.

First, is counsel for plaintiff on the line?

MR. ALEXANDER:  Brian Alexander and Laurence Rosen from The Rosen Law Firm for plaintiff, your Honor.

THE COURT:  Thank you.

And who is on the line for defendants?

MS. LEVITT:  Good morning, your Honor, this is Jamie Levitt from Morrison & Foerster, and I am on with Jordan Eth and Michael Ahern, also from Morrison & Foerster.

THE COURT:  Thank you very much.

Let me just begin with a few brief remarks about the protocol that I expect the parties to follow during this conference.

First, let me remind you that this is a public proceeding.  Any member of the public or press is welcome to join the conference at any time.  Please bear that in mind.

Second, I'd like to ask each of you to please keep your phones on mute at all times except when you are addressing the Court or your adversary.

Third, please state your name each time that you speak during this conference.  You should state your name each time that you speak during this conference even if you had spoken previously.  That will help us keep a clear record of the

conversation today.

Fourth, I'm inviting our court reporter to let us know if he has difficulty hearing or understanding what we say. If he chimes in and asks you to do something that will make it easier for him to do his job, please do it to the extent that you can.

Finally, I'm ordering that there be no recording or rebroadcast of all or any portion of today's conference.

With that, let me turn to the substance of the conference. I scheduled this in response to the letter seeking an extension of the briefing schedule with respect to the proposed class certification motion here. I'll happily take that up. But while the conference was provoked by that letter, I principally would like to focus on the proposed motion to amend and the effect of that. I'd also like to talk about the application to seal portions of plaintiff's letter that describes the basis for the proposed motion to amend. And then we will turn to the letter that specifically provoked this conference.

I am going to begin with the first of those issues, namely, the proposed motion to amend. I should say that my principal question here or I should say -- I have a number of questions.

First, I want to talk about the procedure for the motion. The footnote in the most recent letter suggests that

counsel for plaintiffs are hoping to file the motion as early as today.  What I want to do is to talk about a briefing schedule for the motion.  I also want to talk about, again, the effect of this motion on the case as a whole.

Just to be clear, the arguments raised by counsel for defendants suggest that they are raising futility arguments or expect to raise futility arguments in response to the motion to amend.  As you know, the standard for the Court's evaluation of a motion to deny leave to amend the complaint on the basis of futility is essentially the same as that for a motion to dismiss.

So I want to explore whether, in effect, the briefing of this motion to amend should be treated the same as a motion to dismiss under the PSLRA resulting in a stay of the proceedings.

Let me begin with counsel for plaintiffs.  Counsel, let me hear from you about the proposed motion to amend. What's the basis for it and what is your expectation regarding the effect of the proposed motion on the ongoing proceedings in this case?  Counsel for plaintiffs.

MR. ALEXANDER:  The basis for the proposed amendment is that we received documents from the defendants, and they showed that there was never any agreement between Acer and the FDA.  They showed that Acer, in the 2015 meeting with the FDA, specifically asked if no additional clinical studies were

needed for approval, not submission.  And the FDA said that it didn't agree and that approval based on a single study was rare.

Acer asked again in 2018 if the FDA agreed that the Ong trial showed the efficacy of EDSIVO, and the FDA said it hadn't decided that, whether it showed either efficacy or that it was sufficient for the filing of the NDA.

Additionally, the documents show that the FDA warned Acer about serious flaws in the Ong trials for more than two years before they would get to the application, including that there was a random station imbalance between the treatment and control groups and that it was based on improperly conducted interim analyses of efficacy.  Those were used to terminate the trial early, even though they were flawed.

And because of this, the FDA also concluded the Ong trial was not sufficient to show that EDSIVO is effective against vEDS and its results were not statistically significant.  It was based on these issues that the FDA concluded that the Ong trial was not sufficient to show that -- that the Ong trial was not sufficient to show that EDSIVO was effective against vEDS and its results were not statistically significant.

In addition to providing additional theories for why the statements about FDA agreements that you already sustained were false, there are also numerous other statements now that

Acer made that are clearly false and misleading, repeatedly saying that the Ong trial was statistically significant and the FDA was telling them the opposite.  And it's important that genotype characteristics were equally balanced between the treatment and control groups, which the FDA also telling them the opposite during this entire period.  So that's the basis for the amendment.

And the effect of the discovery schedule is that we don't think it has to affect the discovery schedule because we believe your Honor has discretion not to stay the case based on -- there are a number of decisions indicating that the Court has discretion based on the equities of the case.  Here we don't think it will affect what discovery is taken and it won't prejudice the defendants at all.  So we actually don't think that this needs to significantly alter the schedule.  The only issue was the class certification because the class period was altered by a little under three months.

THE COURT:  Thank you.

Counsel for plaintiffs, why shouldn't I treat this like a motion to dismiss under the PSLRA, given that the amendment or the motion to amend raises the same issues as a motion to dismiss?  In other words, is it not right that through the futility arguments that the defendants expect to raise that we will be testing the legal sufficiency of the claims that are to be presented in the amended complaint?

Counsel for plaintiffs.

MS. LEVITT:  I'm sorry.  May I go forward?

MR. ALEXANDER:  You were saying counsel for plaintiffs.

THE COURT:  Yes.  That's a question for plaintiff's counsel.  Counsel for plaintiff.

MR. ALEXANDER:  What I was saying is that I believe the Court has discretion not to stay, even though a motion to dismiss is pending, when the complaint has already been sustained.  I don't think the defendants will have a credible argument that the entire complaint should be dismissed; just maybe the new statement.  I think your Honor has discretion to allow discovery to go forward and, you know, at minimum, the discovery has already been served that they have already been working on.  I think even if you treat it like a motion to dismiss that you can still allow discovery to go forward based on your discretion.

THE COURT:  Thank you.

How does that square with the language of the statute which mandates a stay of all discovery during the pendency of any motion to dismiss?  I just verbally emphasize the words all and any in that description.  In other words, to the extent that the argument is that because this motion to dismiss, what is functionally a motion to dismiss, can only challenge some of the claims that some of the discovery could proceed.  I'm

asking for your support for that argument in the face of the language of the statute, which, again, says:  "All discovery... shall be stayed during the pendency of any motion to dismiss..."

Anything else on this, counsel for plaintiffs?

MR. ALEXANDER:  I understand the language of the statute, but there have been a number of decisions, including *In Re Salomon Analyst Litigation*, which is 373 F.Supp.2d 252, which is a case from Judge Lynch when he was on the Southern District bench.  And, you know, he looked at the legislative history and said that it's clear that the purpose of the statute is to just protect defendants against frivolous litigation, and he says that some initial discretion to evaluate the desirability of a new stay appeared to be necessary.

THE COURT:  Thank you.

Let me turn to counsel for defendants.  Counsel.

MS. LEVITT:  Good morning again, your Honor.

If I may respond to several of those points, but I would like to just start with the question of the PSLRA stay in light of a motion to dismiss.  Your Honor, we would like to move to dismiss if the Court is going to grant leave to file this late amendment.

Your Honor, in the *In Re Smith Barney* case, among others, the courts in the Southern District have read the PSLRA

section, just as the Court mentioned, that there is broad language and that during the pendency of any motion to dismiss, the stay is imposed and it is not discretionary.

It is possible that what plaintiff's counsel is talking about are exceptions in cases where they can show prejudice, but, again, this is an amendment of their doing and there is no prejudice to them, and, in fact, the statute does require a stay without discretion.

Your Honor, we would submit that this should be subject to a motion to dismiss and that that motion to dismiss would stay discovery while it is pending.

Unless your Honor has further questions on that, I would be happy to address some of the other points that plaintiff has raised.

THE COURT:  Thank you.

I'm looking at the *In Re Salomon Analyst Litigation* case under which, as counsel for plaintiff asserts, Judge Lynch looked at the legislative history of the statute in order to come to a conclusion that is arguably contrary to the language of the statute.  To the extent this issue is presented to the Court, it will test whether that mode of statutory analysis is currently in favor.

Counsel for defendants, part of the question here is not only whether a potential motion to dismiss would trigger the automatic stay under the PSLRA, but also whether the

briefing of the motion to amend, which I understand is going to cause us to litigate all of the same issues that would be raised in a motion to dismiss, should be treated in the same way as a motion to dismiss.  I say treated in the same way because I understand that you're planning to litigate the issue of futility.

What is your view on that question?  Is a motion to amend in these circumstances to be treated in the same way or is it appropriate for the Court to not take up futility arguments now in connection with any opposition to the motion to amend and, instead, to focus on Rule 16 issues.  And then only to address issues related to the sufficiency of the pleading if I grant them leave.

Counsel for defendants, what is your view?

MS. LEVITT:  Your Honor, we would agree with the Court that we could brief the Rule 16 timing issues with respect to the amendment, which we do think are fatal to plaintiff's attempt to amend here.  But the Court is correct, that the futility arguments are those that we would like to brief on a motion to dismiss if the Court were to permit this to go forward.  I hope I'm answering the Court's question, but we agree with you that the futility arguments would be treated as a motion under the motion-to-dismiss standard.

Your Honor, I am going to circle back for one brief second on the question of the discretion with respect to the

stay.  I'm now looking at the *Salomon* case as well from 2005.

But I will note that the *In Re Smith Barney* case that Judge Pauley issued was in 2012.  That cite is 2012 WL 1438241.  And in that decision Judge Pauley does find that the PSLRA's expansive language does not allow anything other than the stay.

Your Honor, moving off that, and I know the Court will look at all of that, we do agree that we would like an opportunity to address the late filing and the violation of the Court's case management order with respect to this amendment.  But on the substance of the futility, we would like to address that in a motion to dismiss if this were allowed to go forward.

THE COURT:  Good.  Thank you very much.  That makes the PSLRA question much more straightforward.

So I understand that the anticipated opposition to the motion to amend will be focused on the Rule 16 issues, whether there is good cause for the Court to grant leave to plaintiffs to modify the case management plan and scheduling order by amending the complaint at this point.

I don't think it's providing the parties too much guidance to say that the case law is relatively clear that a 15(a) standard has changed once there is a Rule 16 order in place that establishes deadlines for the filing of amended pleadings.

So I expect that that will be the focus of the opposition and that it will not raise the issues of futility.

Any challenges to the legal sufficiency of the complaint will come in another form of a motion to dismiss in the event that the Court grants leave to plaintiffs to file their proposed amended complaint.  That's all fine.

And I will set a briefing schedule for the motion to amend that is consistent with those expectations, namely, that the briefing will be substantially more streamlined than it would be if all of the issues to be raised in a motion to dismiss were raised in this context.

So thank you, counsel, for those comments.  That will help us as we turn to the briefing schedule.

Counsel for defendants, anything else that you would like to say on this issue before we move to the next item on my agenda, which is the issue regarding the sealing?

MS. LEVITT:  Your Honor, I guess I would be remiss, and I know there may be an opportunity to brief this, but, your Honor, we do disagree entirely on the merits on what plaintiff said.  I just wanted that to be clear for the record.

Otherwise, your Honor, I believe that we will await the scheduling of the timing for the motion to amend.

THE COURT:  Good.  Thank you.

Why don't we do that now, and then we will turn to the sealing question.

Counsel for plaintiff, is it still correct that you anticipate filing your motion to amend today?

MR. ALEXANDER:  One issue is that we have not heard from defendants about what they need us to seal in the amended complaint.  We need to know that before we can file.

THE COURT:  Thank you very much.

I'll ask the parties to confer on this topic promptly. I would like to begin this process as promptly as possible.

Just a brief comment about issues related to sealing in a complaint.  It will not come as a surprise to the parties that my view is that a complaint is a judicial document entitled to the presumption of public access, which is rooted in the First Amendment.  So any application to seal any component of the complaint will be looked at very carefully by me in light of that presumption.

A question for the parties to consider is whether and to what extent materials must be included in the proposed complaint.  I'm not going to take a position on that, but I will note that I've had cases in which parties have decided that certain materials need not be pleaded in the complaint in order for it to be adequately pleaded in order to avoid potential issues regarding the disclosure of materials that the parties believe need not yet be publicly disclosed.  So this is a topic about which I do want to encourage the parties to meet and confer.

I also remind the parties, as we are about to discuss now, as we discuss this sealing application, that a

confidentiality designation under the protective order does not translate to sufficient cause or justification for the Court to permit something to be sealed.  I have to make particularized on-the-record findings in order to justify the sealing of any information, and the confidential order itself says the fact that the parties agree to keep something confidential does not mean that I will determine that it is appropriately sealed.  And the Second Circuit's ruling on Judge Sweet's protective order in the Ghislaine Maxwell case makes that point extremely clear.  I will just say that.

I'll turn to counsel for defendants.  I take it from counsel for plaintiff's comments that you, defendants, have the proposed amended complaint in hand.  How long do the parties need to confer about proposed provisional redactions to the complaint?

MS. LEVITT:  Your Honor, I would just submit that given the Thanksgiving holiday weekend such as it is, we would request until Monday to get back to the plaintiffs.

Your Honor, we do understand.  We will heed the Court's instructions.  We would not be seeking to seal just on the basis of the protective order but, instead, on competitively sensitive information, in particular with respect to manufacturing, distribution, and safety of this potential drug, as opposed to the clinical data issues that are in the public and that are the subject of this case.  We will look

carefully, your Honor, at our proposed sealing request.

Your Honor, I would also note that we do believe it would maybe make the most sense that for purposes of this motion the plaintiffs not attach the FDA documents to their amended complaint. As the Court noted, that may not be necessary for purposes of this briefing and perhaps could obviate some of the sealing issues and questions that we have.

Your Honor, we would like at least until Monday so that we can review without interrupting the holiday weekend too much. Thank you, your Honor.

THE COURT: Counsel for plaintiff, assuming that defendants have sent you their thoughts and the parties meet and confer, can you get in your proposed motion to amend by next Thursday?

MR. ALEXANDER: Yes.

THE COURT: I'll assume that the motion to amend will be filed than no later than next Thursday. That is December 3.

Counsel for defendants, I'd like to set a relatively expedited schedule for briefing of this motion so that we can determine whether and to what extent the potential addition of these new issues will lead to another motion to dismiss, at which point I will let the parties know whether I interpret the statute in accordance with its text or in accordance with policy and legislative history.

The question I have for you as a result, counsel for

defendant, is how quickly it will take for you to respond or how quickly you can respond. Counsel for defendant.

MS. LEVITT: Your Honor, looking at the calendar, how about December 14? That's about ten days.

THE COURT: That's fine. Good. Any reply will be due no later than the 18th. So the opposition will be due by the 14th and any reply will be due by the 18th. I'll try to resolve this relatively quickly.

Thank you very much.

Let's turn to the application to seal certain materials.

Counsel for defendants, I apologize if I haven't seen this, but have you submitted a response or a particularized request for leave or request for me to seal the materials that were included in the letter that was filed on the docket at docket No. 71? The redacted version of it is filed at docket No. 70.

MR. ALEXANDER: We just submitted that because the defendants requested that we do it. We don't have a position on whether that material should be sealed.

THE COURT: Thank you. Understood.

Counsel for defendants, have you submitted a letter responding to that? If so, can you point me to it. If not, I'll ask for argument regarding why those particular redactions are appropriate here. Counsel for defendant.

MR. ETH:  Your Honor, this is Jordan Eth.  I just got a message from Ms. Levitt that she is having some problems with her phone.

THE COURT:  Thank you.  That explains the gap.

MR. ETH:  She is probably dialing in back right now.

THE COURT:  Is that counsel for defendants joining us again, Ms. Levitt?

Let's give her a moment.

Is that Ms. Levitt?

MS. LEVITT:  Yes, it is, your Honor.  I'm very sorry. I got disconnected.

THE COURT:  That's fine.  Sadly, it happens.  I lost less time than I would have taking the elevator to my courtroom, so no worries.

Just briefly, my question for you is whether the defendants filed a response to the redactions or a letter in support of the redactions proposed by plaintiffs in the document that was filed on the docket at docket No. 70.  I'm trying to evaluate whether those redactions are properly maintained.  If you have not submitted something in writing to support the continuance of those redactions, I am going to invite argument on the point now.

MS. LEVITT:  Your Honor, we decided not to submit a motion to seal what had been proposed redactions in plaintiff's letter.  Along the lines of what the Court had mentioned

earlier, these weren't the actual FDA submissions, and we believe that we would move forward to attempt to redact or seal those exhibits; in particular, the competitively sensitive nonpublic information with respect to safety and manufacturing. We did not think that was necessary with respect to the November letter.

THE COURT:  Thank you very much.  I appreciate that position.

As a result, counsel for plaintiff, I'm directing that you file an unredacted version of that letter on the docket. Can you please do that promptly.

MR. ALEXANDER:  Yes.

THE COURT:  Thank you.  I appreciate that.  I'll issue an order establishing the briefing schedule for this motion.

Counsel, anything else that we need to talk about now?

I should say I am going to grant the request to push off the briefing schedule on the class certification motion. That is appropriate in light of the anticipated motion to amend.

Anything else, counsel for plaintiffs?

MR. ALEXANDER:  No.  That's it for us.  Thank you, your Honor.

THE COURT:  Counsel for defendants.

MS. LEVITT:  No.  Thank you, your Honor.  Have a happy Thanksgiving.

THE COURT:  Good.  Thank you.  Happy Thanksgiving to you all.  Thank you, all.

(Adjourned)