**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS SKIADAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACER THERAPEUTICS INC., CHRIS SCHELLING, AND HARRY PALMIN,<br><br>Defendants. | CASE No.: 1:19-cv-06137-GHW |

**DECLARATION OF BRIAN B. ALEXANDER IN SUPPORT OF PLAINTIFF'S MOTON FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND TO MODIFY THE SCHEDULING ORDER**

Brian B. Alexander, pursuant to 28 U.S.C. § 1746, hereby declares:

1. I am admitted to practice before this Court, and am an attorney at The Rosen Law Firm, P.A., counsel in the above-captioned matter for Lead Plaintiff Nicholas Skiadas and the Class ("Plaintiff"). I submit this declaration in support of Plaintiff's Motion for Leave to File a Third Amended Complaint and to Modify the Scheduling Order.

2. As part of an agreement between the Parties, Defendants agreed to produce certain documents prior to a private mediation that was ultimately scheduled for October 7, 2020.

3. Plaintiff's counsel received an approximately 36,000 page production from Defendants on Monday, September 14, 2020. Defendants' counsel purportedly emailed their production on the evening of Friday, September 11, 2020, but Plaintiff's counsel did not receive it. Plaintiff's counsel did not receive Defendant's production until Monday, September 14, 2020

after the Parties worked out some technical issues.

4.      After receiving Defendants' production, Plaintiff's counsel began to diligently work to identify the important documents. Given that the documents that Defendants produced were highly technically documents concerning Defendants' New Drug Application for EDSIVO, Plaintiff consulted with an expert, Dr. Phillip Lavin, to better understand the meaning of them.

5.      After reviewing the documents from Defendants' September 14, 2020 production and consulting with Dr. Lavin to determine their meaning, Plaintiff's counsel re-reviewed all of Defendants' statements from the relevant time period to see if the new evidence rendered them false and misleading.

6.      It would have been impossible for Plaintiff to amend the Second Amended Complaint by September 16, 2020 — the deadline to amend in the scheduling order entered in this case — since Plaintiff's counsel did not receive Defendants' 36,000 page production until two days prior to that deadline.

7.      Plaintiff served his First Set of Requests for Production of Documents on Defendants on August 17, 2020. Defendants responses and objections were due on September 16, 2020, but Defendants asked for an extension of their time to respond due to the Parties' upcoming mediation. Plaintiff agreed to the extension and Defendants did not serve their responses and objections until October 23, 2020. Defendants have not produced any documents in response to Defendants' First Set of Requests for Production and have refused Plaintiff's requests to meet and confer about their responses and objections on the basis that the PSLRA discovery stay is in effect.

8.      On Friday, November 6, 2020, I emailed Defendants a draft of the Proposed Third Amended Complaint (defined, *infra*), which incorporated allegations from the documents in Defendants' September 14, 2020 production. My cover email requested that Defendants given

2

their positions on (1) Plaintiff's anticipated motion for leave to amend the complaint and (2) per Section 4.A.ii. of the Court's Individual Rules of Practice, whether documents that Defendants produced and Plaintiff attached to and quoted in the Proposed Third Amended Complaint should be filed under seal, given that Defendants had designated them as "Confidential" under the protective order entered in this case.

9.      Plaintiff informed the Court by letter on November 10, 2020 that Plaintiff intended to seek leave to amend the Second Amended Complaint. (ECF Nos. 71, 72.) Defendants sent that letter to Defendants on November 9, 2020 and agreed to Defendants' request not to file the letter until November 10, so that Defendants would have a chance to determine if any portion of the letter should be filed under seal.

10.      Plaintiff did not receive any response from Defendants until they filed a letter with the Court on November 16, 2020. Defendants' letter stated that they opposed Plaintiff's anticipated motion to amend the complaint. Defendant's counsel called me the same day and, instead of stating their position on what portions of the exhibits to Proposed Third Amended Complaint Plaintiff should file under seal, requested that Plaintiff agree not to file the exhibits to his Proposed Third Amended Complaint. I promptly informed Defendants' counsel on November 17, 2020 that we still intended to file the exhibits, but that Plaintiff would only file excerpts of Exhibits 3 and 4.

11.      On November 18, 2020, I sent Defendants' counsel an email with a draft of Plaintiff's letter motion for an extension of time to file a letter requesting a pre-motion conference for Plaintiff's motion for class certification. I stated in the cover email that it stated in the draft letter motion that Plaintiff intended to file his motion to amend on Tuesday, November 24, 2020 unless the Court objected. Accordingly, I requested that Defendants' counsel provide me with their position regarding sealing portions of the motion to amend by November 23, 2020.

12.     On November 19, 2020, Defendants' counsel told me in an email that they could not provide me with their position on sealing until November 24, 2020. I responded that Plaintiff would, therefore, wait to file his motion for leave to amend until November 25, 2020 and would alter Plaintiff's letter motion for an extension of time to file a letter requesting a pre-motion conference for Plaintiff's motion for class certification to include that revised date.

13.     Following the Court's decision to schedule a pre-motion conference regarding Plaintiff's proposed motion to amend on November 25, 2020, Defendants' counsel did not provide Plaintiff's counsel with their position on sealing on November 24, 2020.

14.     Attached as **Exhibit A** to this declaration is a Proposed Third Amendment Class Action Complaint for Violation of the Federal Securities Laws ("Proposed Third Amended Complaint").

15.     Attached as **Exhibit 1 to the Proposed Third Amended Complaint** is a true and correct copy of the FDA's official meeting minutes for Acer Therapeutics' ("Acer") September 30, 2015 meeting with the FDA. Defendants produced this document in their September 14, 2020 production and it is bates stamped ACER_0002203-ACER_0002214.

16.     Attached as **Exhibit 2 to the Proposed Third Amended Complaint** is a true and correct copy of the FDA's official meeting minutes for Acer's May 18, 2017 meeting with the FDA. Defendants produced this documents in their September 14, 2020 production and it is bates stamped ACER_0002333- ACER_0002345.

17.     Attached as **Exhibit 3 to the Proposed Third Amended Complaint** is an excerpt of true and correct copy of the meeting package, dated May 3, 2018, that Acer submitted for its June 14, 2018 meeting with the FDA. Defendants produced this document in their September 14, 2020 production and it is bates stamped ACER_0002393-ACER_0002427.

18.     Attached as **Exhibit 4 to the Proposed Third Amended Complaint** is a true and correct copy of the meeting package, dated May 29, 2018, that Acer submitted for its June 28, 2018 meeting with the FDA. Defendants produced this document in their September 28, 2020 production and it is bates stamped ACER_0002428-ACER_0002551.

19.     Attached as **Exhibit 5 to the Proposed Third Amended Complaint** is a true and correct copy of the FDA's official meeting minutes for Acer's June 14, 2018 meeting with the FDA. Defendants produced this document in their September 14, 2020 production and it is bates stamped ACER_0002552- ACER_0002578.

20.     Attached as **Exhibit 6 to the Proposed Third Amended Complaint** is a true and correct copy of the FDA's official meeting minutes for Acer's June 28, 2018 meeting with the FDA. Defendants produced this document in their September 14, 2020 production and it is bates stamped ACER_0002606-ACER_0002637.

21.     Attached as **Exhibit 7 to the Proposed Third Amended Complaint** is a true and correct copy of a letter that the FDA sent Acer on December 21, 2018. Defendants produced this document in their September 14, 2020 production and it is bates stamped ACER_0002644-ACER_0002649.

22.     Attached as **Exhibit 8 to the Proposed Third Amended Complaint** is a true and correct copy of the FDA's official meeting minutes for Acer's February 11, 2019 teleconference with the FDA. Defendants produced this document in their September 14, 2020 production and it is bates stamped ACER_0002650-ACER_0002656.

23.     Attached as **Exhibit 9 to the Proposed Third Amended Complaint** is a true and correct copy of the Late Cycle Meeting Background Package, dated March 29, 2019, that the FDA sent Acer prior to their April 9, 2019 meeting. Defendants produced this document in their

September 14, 2020 production and it is bates stamped ACER_0002657-ACER_0002662.

24.     Attached as **Exhibit 10 to the Proposed Third Amended Complaint** is a true and correct copy of the FDA's official meeting minutes for Acer's April 9, 2019 meeting with the FDA. Defendants produced this document in their September 14, 2020 production and it is bates stamped ACER_0002663-ACER_0002669.

25.     Attached as **Exhibit 11 to the Proposed Third Amended Complaint** is a true and correct copy of the Complete Response Letter concerning EDSIVO's New Drug Application that the  FDA sent Acer on June 24, 2019. Defendants produced this document in their September 14, 2020 production and it is bates stamped ACER_0002670-ACER_0002675.

26.     Attached as **Exhibit B** to this declaration is a redlined comparison between the Proposed Third Amended Complaint and the Second Amended Complaint.

I declare under penalty of perjury the foregoing is true and correct.

Dated: December 3, 2020
        New York, NY

                                         /s/ Brian B. Alexander
                                         Brian B. Alexander