## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS SKIADAS, Individually and on Behalf of All Others Similarly Situated, <br><br>     Plaintiff, <br><br>     v. <br><br> ACER THERAPEUTICS INC., CHRIS SCHELLING, and HARRY PALMIN, <br><br>     Defendants | Case No. 1:19-cv-06137-GHW |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of July 21, 2021, is entered into by and among (i) Lead Plaintiff Nicholas Skiadas ("Skiadas" or "Lead Plaintiff"), on behalf of himself and on behalf of the Settlement Class (as defined herein) and (ii) Acer Therapeutics Inc. ("Acer" or the "Company"), Chris Schelling, and Harry Palmin (collectively "Defendants"), by and through their undersigned attorneys, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, waive, discharge, and dismiss with prejudice the Action and the Released Claims (as defined herein) against Defendants and their Related Parties (as defined herein) and Defendants' Released Claims (also defined below) against Lead Plaintiff, Settlement Class Members, Lead Counsel, and their Related Parties.

Throughout this Stipulation, all terms used with initial capitalization, but not immediately

defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

A.     **The Action**

This litigation was commenced on July 1, 2019 styled as *Sell v. Acer Therapeutics Inc., et. al.,* Case No. 1:19-cv-06137-GHW, alleging violations of the Securities Exchange Act of 1934 ("Exchange Act") as against the Defendants (Dkt. No. 1).

On August 30, 2019, Skiadas filed a motion for appointment of lead plaintiff and approval of lead counsel (Dkt. No. 12). On September 25, 2019, the Court appointed Skiadas as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel (Dkt. No. 24).

On December 3, 2019, Lead Plaintiff, on behalf of himself and a putative class, filed the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") asserting claims under Section 10(b) and 20(a) of the Exchange Act (Dkt. No. 28).

On December 9, 2019, the Court directed the Clerk of Court to restyle the Action as *Nicholas Skiadas v. Acer Therapeutics Inc., et. al.,* Case No. 1:19-cv-06137-GHW.

On January 15, 2020, Defendants filed a pre-motion letter requesting leave to move to dismiss the Amended Complaint (Dkt. No. 31), which Lead Plaintiff opposed on January 21, 2020 (Dkt. No. 35). On February 7, 2020, Defendants filed the motion to dismiss (Dkt No. 38).

In response to Defendants' motion to dismiss, Lead Plaintiff filed the Second Amended Class Action Complaint for Violation of the Federal Securities Laws on February 28, 2020 ("Second Amended Complaint") (Dkt. No. 43).

On May 1, 2020, Defendants filed a motion to dismiss the Second Amended Complaint (Dkt. No. 49). Lead Plaintiff filed his opposition on May 22, 2020 (Dkt. No. 52) and Defendants filed their reply on May 29, 2020 (Dkt. No. 53).

On June 16, 2020, the Court granted in part and denied in part Defendants' motion to dismiss the Second Amended Complaint ("Motion to Dismiss Order") (Dkt. No. 54).

On July 1, 2020, Defendants filed a motion for reconsideration of the Motion to Dismiss Order (Dkt. No. 58). Lead Plaintiff filed his opposition on July 13, 2020 (Dkt. No. 61) and Defendants filed their reply on July 17, 2020 (Dkt. No. 62). On July 21, 2020, the Court denied Defendants' motion for reconsideration (Dkt. No. 63).

On August 7, 2020, Defendants filed their answer to the Second Amended Complaint (Dkt. No. 64).

On August 8, 2020, in advance of the Initial Pretrial Conference, the Parties jointly submitted a letter advising the Court about the status of the case (Dkt. No. 65). The Court held the Initial Pretrial Conference on August 17, 2020 and entered the Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 67).

On November 10, 2020, Lead Plaintiff filed a letter to the Court indicating his intention to file a proposed Third Amended Complaint for Violation of the Federal Securities Laws ("Third Amended Complaint") (Dkt. No. 72). Defendants submitted a letter in response objecting to Lead Plaintiff's intention to move to file an amended complaint (Dkt. No. 74). At a November 25, 2020 pre-motion conference, the Court directed the Parties to focus their briefs on issues relating to Rule 16 of the Federal Rules of Civil Procedure only.  The Court further instructed the Parties to raise any arguments relating to the legal sufficiency of the proposed Third Amended Complaint in a motion to dismiss.

On December 3, 2020, Lead Plaintiff filed a motion for leave to file a Third Amended Complaint (Dkt. No. 84). Defendants opposed the motion on December 14, 2020 (Dkt. No. 90) and Lead Plaintiff filed his reply on December 18, 2020 (Dkt. No. 91). After a telephonic hearing

held on January 18, 2021, the Court granted Lead Plaintiff's motion to file the Third Amended

Complaint (Dkt. No. 93).  The Court also stayed discovery pending resolution of Defendants'

motion to dismiss the Third Amended Complaint.

On February 4, 2021, Lead Plaintiff filed the operative Third Amended Complaint (Dkt.

No. 97). Lead Plaintiff filed an unredacted version of the Third Amended Complaint on February

16, 2021 (Dkt. No. 101).

On February 18, 2021, Defendants filed a pre-motion letter requesting leave to move to

dismiss part of the Third Amended Complaint (Dkt. No. 104). Lead Plaintiff responded to

Defendants' letter on February 23, 2021 (Dkt. No. 106). After a telephonic conference on

Defendants' pre-motion letter, the Court granted Defendants' request for leave to file a motion to

dismiss  (Dkt. No. 108).

On May 6, 2021, the Parties jointly filed a letter motion requesting that the Court stay the

Action in light of the Parties reaching a settlement in principle to allow the Parties to negotiate and

finalize the settlement papers (Dkt. No. 112). The Court stayed the Action on May 6, 2021 (Dkt.

No. 113).

**B.     The Settlement**

With the litigation ongoing, the Parties began settlement negotiations in the fall of 2020.

The Parties attended a mediation with Jed Melnick, Esq. of JAMS on October 7, 2020. Prior to the

mediation, the Parties exchanged detailed mediation statements with numerous exhibits that were

also submitted to Mr. Melnick. A settlement was not reached at the mediation, but extensive

negotiations continued after the mediation with the assistance of Mr. Melnick. The Parties attended

a second mediation with Mr. Melnick on March 30, 2021. A settlement was not reached at the

second mediation, but negotiations continued after the second mediation with Mr. Melnick's

assistance. On May 3, 2021, Mr. Melnick made a mediator's proposal as a resolution of the Action. On May 5, 2021, Mr. Melnick informed the Parties that both sides accepted the mediator's proposal.

This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action and to fully release all Released Claims against Defendants and the Released Parties with prejudice in return for the consideration specified herein.

C.      **Defendants' Denial of Fault, Wrongdoing, and Liability**

Throughout the course of the Action, and in this Stipulation, Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever that have or could have been asserted in the Action. Defendants have also denied and continue to deny, *inter alia*, the allegations and claims that have been or could have been asserted by Lead Plaintiff, as well as the allegations that Lead Plaintiff and the Settlement Class have suffered damages and that Lead Plaintiff and the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. Defendants have not acknowledged, conceded, or admitted any fault, wrongdoing, or liability, are not doing so by entering into this Stipulation, and disclaim any and all fault, wrongdoing, and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be deemed to be, argued to be, or offered or received as evidence supporting an admission by any of Defendants or any of the Released Parties with respect

to any of Lead Plaintiff's allegations or claims, or of any wrongdoing, fault, liability or damages whatsoever.

### D.      Lead Plaintiff's Claims and Benefits of Settlement

Lead Plaintiff believes that the claims asserted in the Action have merit. Lead Plaintiff, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Lead Plaintiff has also taken into account the uncertain outcome and the risk of any litigation. In particular, Lead Plaintiff has considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, motion for summary judgment, motion for class certification, and trial. Lead Plaintiff has therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Lead Plaintiff (on behalf of himself and each of the Settlement Class Members) and Defendants (by and through their respective undersigned counsel) that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed fully, finally and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.      Definitions

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.**     "Action" means the putative securities class action titled *Nicholas Skiadas v. Acer Therapeutics Inc., et. al.,* Case No. 1:19-cv-06137-GHW (S.D.N.Y.).

**1.2.**     "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing of the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph 1.19) to the Authorized Claimants. Such costs do not include legal fees.

**1.3.**     "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.4.**     "Award to Lead Plaintiff" means the requested reimbursement to Lead Plaintiff for his reasonable costs and expenses (including lost wages) directly related to Lead Plaintiff's representation of the Settlement Class in the Action.

**1.5.**     "Business Day" means any day except Saturday or Sunday or any Legal Holiday as that term is defined in Rule 6(a)(6) of the Federal Rules of Civil Procedure.

**1.6.**     "Claimant" means any person or entity who or which files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe, seeking to be eligible to share in the proceeds of the Net Settlement Fund.

**1.7.**     "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities,

of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or unliquidated, including those that are concealed or hidden, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

**1.8.** "Claims Administrator" means Strategic Claims Services ("SCS"), which shall administer the Settlement.

**1.9.** "Defendants" means Acer Therapeutics Inc., Chris Schelling, and Harry Palmin.

**1.10.** "Defense Counsel" means Morrison & Foerster LLP.

**1.11.** "Effective Date" shall have the meaning set forth in ¶ 11.2 of this Stipulation.

**1.12.** "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent wherein the Settlement Amount shall be deposited and held in escrow. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

**1.13.** "Escrow Agent" means SCS or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

**1.14.** "Final," when referring to the Final Judgment, means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final

Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise. For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of *certiorari*, or other proceeding involving writs of *certiorari* or mandamus, and any other proceedings of like kind.  However, no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶ 6.1 hereof, or shall affect or delay the date on which the Final Judgment becomes Final.

1.15.   "Final Judgment" means the order and final judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as Exhibit B.

1.16.   "Insurers" means the insurers under director and officer liability policies covering Defendants for the period between September 25, 2017 through June 24, 2019.

1.17.   "Lead Counsel" means The Rosen Law Firm, P.A.

1.18.   "Lead Plaintiff" means Nicholas Skiadas as identified in the Court's September 25, 2019 Order. (Dkt. No. 24).

1.19.   "Net Settlement Fund" means the Settlement Fund, less: (i) the Fee and Expense Award (as defined below); (ii) Administrative Costs; (iii) Taxes and Tax Expenses; (iv) any Award to Lead Plaintiff; and (v) other fees and expenses authorized by the Court.

1.20.   "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Securities Class Action ("Long Notice") and the Summary Notice of Pendency and Proposed

Securities Class Action Settlement ("Summary Notice"), which are to be made available to Settlement Class Members, substantially in the forms attached hereto as Exhibits A-1 and A-3, on the Claims Administrator's website and/or mailed to Settlement Class Members.

1.21.   "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1.22.   "Parties" means Lead Plaintiff (on behalf of himself and the Settlement Class) and Defendants. "Party" means any one of the Parties.

1.23.   "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all heirs, predecessors, successors, representatives, or assigns of the foregoing.

1.24.   "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

1.25.   "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class Members substantially in the form attached hereto as Exhibit A.

1.26.   "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.27.**   "Related Parties" means, with respect to each Released Party and Releasing Party, the immediate family members, any entity in which any immediate family members has, or had during the Settlement Class Period, a controlling interest (directly or indirectly), and any estate or trust of which any Party is a settlor or which is for the benefit of any Party and/or his or her immediate family members; and (ii) for each and every Person listed in part (i) their respective past, present, and future heirs, executors, trustees, estates, administrators, predecessors, successors, assigns, and present and former employees, accountants, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, contractors, controlling shareholders, directors, divisions, financial advisors, general or limited partners, general or limited partnerships, insurers, reinsurers, excess insurers, co-insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, shareholders, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

**1.28.**   "Released Claims" means and includes any and all Claims (including Unknown Claims as defined in ¶ 1.38) of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, that any of the Releasing Parties, in any capacity: (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A)

the facts, allegations, transactions, claims, matters, events, disclosures, non-disclosures, occurrence, representations, statements, acts, omissions, or failures to act involved, set forth, or referred in the Action and that relate to the purchase, sale, acquisition or retention of Acer common stock during the Settlement Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the action and/or the claims alleged therein. For the avoidance of doubt, and notwithstanding anything to the contrary in this Stipulation, "Released Claims" do not include (i) any claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement, (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court, or (iii) any claims asserted derivatively on behalf of Acer in pending shareholder derivative lawsuits arising from the same alleged facts asserted in the Action.

**1.29.**   "Released Parties" means the Defendants and each of their Related Parties.

**1.30.**   "Releasing Parties" means jointly and severally, individually and collectively, Lead Plaintiff, each and every Settlement Class Member, and each of their Related Parties.

**1.31.**   "Settlement" means the settlement contemplated by this Stipulation.

**1.32.**   "Settlement Amount" means the sum of $8,350,000 (Eight Million Three Hundred and Fifty Thousand U.S. Dollars). The Settlement Amount is intended to encompass all Administrative Costs, any Fee and Expense Award approved by the Court, any Award to Lead Plaintiff approved by the Court, all Settlement Class Member benefits arising from the Settlement, and any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

**1.33.**   "Settlement Class" means all persons and entities who purchased or otherwise acquired any publicly-traded Acer common stock during the Settlement Class Period and suffered compensable damages thereby. Excluded from the Settlement Class are: Defendants and their

immediate families; the officers and directors of Acer at all relevant times; their legal representatives, heirs, successors or assigns; any entity in which Defendants have or had a controlling interest; and any entity affiliated with, controlling, controlled by, or under common control with TVM Capital Life Science. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

1.34.   "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.35.   "Settlement Class Period" means the period from September 25, 2017 through June 24, 2019, both dates inclusive.

1.36.   "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.37.   "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and therefore, should receive final approval from the Court.

1.38.   "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties. This includes claims which, if known by him, her, or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision whether to object to or opt out of this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected

or undisclosed, concealed, or hidden. The Parties expressly acknowledge, and the Releasing Parties by operation of the Judgment shall have, and shall be deemed to have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by California Civil Code ¶ 1542 and any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and each of the Releasing Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff expressly acknowledges, and the Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

**2.      The Settlement Consideration**

**2.1.**      In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, within twenty (20) Business Days after the latest of (i) entry of the Preliminary Approval Order, and (ii) delivery of complete and accurate payment

-14-

instructions, a completed Form W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement is to be deposited, and EFT Authorization by Lead Counsel to Defense Counsel, Acer shall cause Defendants' Insurers to transfer the Settlement Amount ($8,350,000), by wire transfer or check, to the Escrow Account.

      **2.2.**    Under no circumstances will Defendants, Defendants' Insurers, or their Related Parties be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of Administrative Costs, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

      **2.3.**    Immediately upon deposit of the Settlement Amount into the Escrow Account, Defendants, Defendants' Insurers, and the Released Parties shall have no responsibility for, or liability or obligation whatsoever to anyone with respect to: the Net Settlement Fund, the Escrow Account, the Claims Administrator, the Claims Administrator's actions, any transaction executed or approved by the Escrow Agent, the maintenance, administration, investment, or distribution of the Settlement Fund or the Net Settlement Fund, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes, the administration of the Settlement, or any losses incurred in connection with such matters. The Released Parties shall have no further or other liability or obligations to Lead Plaintiff, Lead Counsel, or any Settlement Class Member with respect to the Claims, except as expressly stated herein. Notwithstanding anything herein to the contrary, the Escrow Agent shall

be obligated to withhold from distribution to Authorized Claimants all funds necessary to pay all Notice and Administrative Costs and all other fees, costs, and expenses associated with administration of the Settlement and the Settlement Fund; neither Defendants nor Defendants' Counsel nor any other of the Released Parties is responsible therefor, nor shall they have any liability whatsoever with respect thereto, above and beyond the Acer's obligation to cause the Settlement Amount to be paid into the Escrow Account as set forth above. The Settlement Fund shall indemnify and hold harmless all Released Parties for any costs of administration of the Settlement and the Settlement Fund (including, without limitation, costs associated with any such indemnification).

### 3.    Handling and Disbursement of Funds by the Escrow Agent

**3.1.**    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

> **(i)**    for Administrative Costs as provided in ¶ 3.4 below;

> **(ii)**    for a Fee and Expense Award as provided in ¶ 8.2 below;

> **(iii)**    to refund the Settlement Fund in the event that the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, as provided in ¶ 11.8 below, if applicable; and

> **(iv)**    To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

**3.2.**    All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be

distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties. Defendants, their counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

3.3.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defense Counsel.

3.4.     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $125,000 (One Hundred Twenty-Five Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, additional amounts, up to $50,000 (Fifty Thousand Dollars), may be transferred from the Settlement Fund to pay for any necessary additional Administrative Costs without further order of the Court.

4.     **Taxes**

4.1.     The Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their

designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(i)     For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(ii)    All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel,

and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1.  The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

**5.      Preliminary Approval Order and Settlement Hearing**

**5.1.**      Within fifteen (15) calendar days of the execution of this Stipulation, Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of the Preliminary Approval Order, approval for the dissemination of notice, and the scheduling of a hearing for final approval of the Settlement. The Preliminary Approval Order to be submitted to the Court shall contain the exhibits substantially in the form set forth in: (i) the Long Notice (Exhibit A-1); (ii) the Proof of Claim (Exhibit A-2); and (iii) Summary Notice (Exhibit A-3). The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Long Notice and Summary Notice before they are disseminated or otherwise provided to

Settlement Class Members. Defendants shall not object to, or have any responsibility for, Lead Counsel's proposed Plan of Allocation.

5.2.     At the time of the submission described in ¶ 5.1 hereof, Lead Counsel shall request, with the consent of Defendants and on behalf of all Parties, that, after the Notice is provided and the Settlement Class Members are notified of the Settlement, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

5.3.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve, or cause the Claims Administrator to serve, on behalf of all Defendants the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

**6.      Releases and Covenants Not to Sue**

6.1.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases and other relief provided for herein.  Upon the Effective Date, the Releasing Parties, on behalf of themselves and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund: (i) shall be deemed by this Settlement to have, and by operation of law and of the Final Judgment shall have fully, finally, and forever released, relinquished, compromised, settled, waived, dismissed, and discharged each and all of the Released Claims (including Unknown Claims) against the Released

Parties, and shall have covenanted not to sue any of the Released Parties with respect to any of the Released Claims (including any Unknown Claims); (ii) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, instituting, assisting, instigating, pursuing, or in any way participating in, either directly or in any other capacity, the commencement or prosecution of any action or any other proceeding, asserting any of the Released Claims (including any Unknown Claims) against any of the Released Parties or Defense Counsel in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.  The foregoing provisions shall not apply to any Person who would be a member of the Class and timely excludes himself, herself, or itself.  Nothing contained herein shall bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.2.    Upon the Effective Date, Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, Settlement Class Members, Lead Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Lead Plaintiff, Settlement Class Members, Lead Counsel, and their Related Parties (collectively, the "Plaintiff Released Parties"). Nothing contained herein shall, however, bar the Defendants or their Related Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.3.    It is understood that Lead Plaintiff and the other Settlement Class Members or Defendants, or any of them, may hereafter discover additional or different facts from those that he,

she, or it now knows or believes to be true with respect to the subject matter of the Released Claims or Defendants' Released Claims (including Unknown Claims), but the Lead Plaintiff and the Defendants shall, upon the Effective Date, expressly fully, finally, and forever discharge, settle, and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment shall have, expressly fully, finally, and forever discharged, settled, and released, any and all Released Claims. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waiver of Released Claims that are Unknown Claims, including the provisions, rights, and benefits of California Civil Code § 1542 (and the inclusion of "Unknown Claims" in the definition of Released Claims and Defendants' Released Claims), was separately bargained for and is a material element of the Settlement.

6.4.    By entering into this Stipulation, Lead Plaintiff and Lead Counsel represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Claims to any other Person, and the Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Defendants' Released Claims to any other Person.

6.5.    The Proof of Claim to be executed by Claimants shall release all Released Claims against all Released Parties and shall be substantially in the form attached hereto as Exhibit A-2.

7.    **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

7.1.    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by

Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

**7.2.**  The Settlement Fund shall be applied as follows:

(i)  To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

(ii)  To pay Administrative Costs;

(iii)  To pay Lead Counsel's attorneys' fees with interest and expenses and payment to the Lead Plaintiff for reimbursement of his time and expenses (the "Fee and Expense Award"), to the extent allowed by the Court; and

(iv)  To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶ 7.2(i), (ii), and (iii) hereof (the Net Settlement Fund), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.3.**  Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court.

**7.4.**  This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants or their Insurers. Defendants, their counsel, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the administration of the Settlement, selection of the Claims Administrator, the management, investment, disposition, allocation, or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, management, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, any nonperformance of the Claims Administrator, or

any losses incurred in connection therewith. No Person shall have any claims against Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a necessary term of Settlement or of this Stipulation, and it is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.    No later than ten (10) Business Days after the date of entry of the Preliminary Approval Order, Acer, at no cost to Lead Plaintiff or Lead Counsel, shall provide and/or cause its transfer agent to provide to Lead Counsel a list of the record holders of Acer common stock during the Settlement Class Period. The list shall be provided in an electronic format, such as an Excel

spreadsheet ("Settlement Class Information"). If in the transfer agent's possession, the Settlement Class Information should include email addresses of record owners of Acer common stock in the Settlement Class. The Parties acknowledge that any information provided to Lead Counsel by the Company pursuant to this paragraph shall be treated as confidential and will be used by Lead Counsel and the Claims Administrator solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

7.7.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who would receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian not-for-profit organization chosen by Lead Counsel.

7.8.    Payment pursuant to the class distribution order shall be final and conclusive against all Claimants. All Settlement Class Members whose claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but

otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties with respect to any and all of the Released Claims.

7.9.    Any Settlement Class Member who does not submit a timely and valid claim form will be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing, commencing, instituting, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against the Released Parties with respect to the Released Claims in the event that the Effective Date occurs with respect to the Settlement.

7.10.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

8.    **Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

8.1.    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Award to Lead Plaintiff. Defendants shall take no position with respect to the Fee and Expense Application.

**8.2.**     Except as otherwise provided in this paragraph, the Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund immediately after the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Lead Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defense Counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses paid to Lead Counsel or an amount consistent with any modification of the Final Judgment with respect to the Fee and Expense Award, including accrued interest at the same rate as is earned by the Settlement Fund. Lead Counsel agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and they shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Lead Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against the firm should they fail timely to repay fees and expenses pursuant to this paragraph. Any Award to Lead Plaintiff shall not be paid from the Settlement Fund until after the Effective Date.

**8.3.**     The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or

proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4.    Any award of attorneys' fees and interest and/or expenses to Lead Counsel or Award to Lead Plaintiff shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Released Party shall have any responsibility for payment of Lead Counsel's attorneys' fees and interest, expenses, or other Award to Lead Plaintiff beyond the obligation of Acer to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Lead Plaintiff, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

## 9.    Class Certification

9.1.    In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement. For purposes of this Settlement only, in connection with the Final Judgment, Defendants consent to (i) the appointment of Lead Plaintiff as the class representative, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. In the event that the Final Judgment is not entered by the Court or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including certification of the Settlement Class or any other class, to oppose certification or appointment of Lead Plaintiff as Class Representative, and to oppose the appointment of Lead Counsel as class counsel in the Action. In such event, (i) nothing in this Stipulation or in the Preliminary Approval Order shall in any way

prejudice any argument Defendants make in opposition to the certification of any class, the appointment of any class representative, or the appointment of class counsel, and (ii) Lead Plaintiff shall not cite the Stipulation or the Preliminary Approval Order in support of any motion for class certification or the appointment of class representative or class counsel.

10.    **Objections and Requests for Exclusion**

10.1.    Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any Settlement Class Member may appear at the Settlement Hearing and show cause why the Stipulation, and the proposed Settlement embodied herein, should or should not be approved as fair, reasonable and adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.

10.2.    Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any putative Settlement Class Member may request to be excluded from the Settlement Class.

10.3.    The Claims Administrator shall scan and electronically send copies of all requests for exclusion in .pdf format (or such other format as shall be agreed) to Defendants' counsel and to Lead Counsel expeditiously after the Claims Administrator receives such a request.

10.4.    The Parties will request that the deadline for submitting requests for exclusion from the Class shall be no later than twenty-one (21) calendar days prior to the Settlement Hearing.

10.5.    Copies of all requests for exclusion from the Settlement Class received by the Claims Administrator (or other person designated to receive exclusion requests) shall be provided to Defense Counsel via electronic mail within five (5) Business Days of receipt of the request or

no later than fourteen (14) calendar days prior to the Settlement Hearing, whichever is earlier.

**11.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**11.1.**     Lead Plaintiff, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Parties within seven (7) Business Days of any of the following:

**(i)**     entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

**(ii)**     entry of a Court order refusing to approve this Stipulation in any material respect;

**(iii)**     entry of a Court order declining to enter the Final Judgment in any material respect;

**(iv)**     entry of a Court order refusing to dismiss the Action with prejudice;

**(v)**     entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; and

**(vi)**     failure on the part of any Party to abide, in material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated above in this ¶ 11.1 and below in ¶ 11.4, no Party shall have the right to terminate the Stipulation for any reason. Notwithstanding the foregoing, any decision by the Court or any appeals court with respect to a Fee and Expense Application or the Fee and Expense Award or with respect to a Plan of Allocation shall not be considered material to this Settlement, shall not preclude the Judgment from being deemed Final, and shall not be grounds for termination of the Settlement.

**11.2.** The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

> **(i)** Acer has not exercised its option to terminate the Settlement pursuant to ¶ 11.4;

> **(ii)** The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

> **(iii)** The sum of $8,350,000 (Eight Million Three Hundred and Fifty Thousand U.S. Dollars) has been paid into the Escrow Account, as set forth in ¶ 2.1 above;

> **(iv)** The Court has approved the Settlement, following notice to the Settlement Class Members and the Settlement Hearing, and has entered the Final Judgment;

> **(v)** The Final Judgment has become Final as defined in ¶ 1.15; and

> **(vi)** The Action has been dismissed with prejudice.

**11.3.** Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**11.4.** If prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased securities during the Settlement Class Period in an amount greater than the amount specified in a separate Confidential Supplemental Agreement between the Parties (the "Supplemental Agreement"), then Acer shall have, at its sole and absolute discretion, the option to terminate this Stipulation and Settlement in

accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option"). The Supplemental Agreement may be disclosed to the Court *in camera* for purposes of approval of the Settlement, if required by the Court, but otherwise shall not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises.

**11.5.**    None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Party engages in a material breach of the terms hereof, any other Party, provided that he, she, or it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on written notice to all the Parties. Additionally, if Defendants do not cause their insurers to timely pay the Settlement Amount, Lead Plaintiff, at his sole discretion, may file a motion to enforce the Stipulation and payment of the Settlement Amount or terminate the Settlement.

**11.6.**    In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, the Parties shall be restored to their respective positions in the Action immediately prior to July 21, 2021, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action and shall be preserved without prejudice.

**11.7.**    In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other

proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

11.8.    In the event that the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to the entity or entities which paid the Settlement Fund, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from said entity or entities. At the request of said entity or entities the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to said entity or entities pursuant to written direction received from said entity or entities.

11.9.    No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

## 12.    No Admission of Liability or Wrongdoing

12.1.    The Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption or concession by any Party, or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or

defenses alleged or that have been or could have been asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. The Parties acknowledge that Defendants make no admission of fault, liability, or wrongdoing.

12.2.    Whether or not the Settlement, as embodied in this Stipulation, is approved by the Court, and whether or not this Settlement is consummated, the fact and terms of this Settlement, this Stipulation, the Supplemental Agreement, and any relates statements, negotiations, or proceedings, shall not be offered or received:

(i)    against the Released Parties, Lead Plaintiff or the other Settlement Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other Settlement Class Members with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(ii)    against the Released Parties as evidence of a presumption, concession or admission of any wrongdoing, fault, or liability, including (without limitation) any misrepresentation, omission, or violation of the securities laws alleged in the Third Amended Complaint;

(iii)    against the Released Parties, Lead Plaintiff or the other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability,

negligence, fault, misrepresentation, omission, or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, or other action or proceeding; provided, however, that the Released Parties and the Plaintiff Released Parties may refer to this Settlement to enforce its terms, including (without limitation) any release from liability granted hereunder; shall not be construed against the Released Parties, Defense Counsel, Lead Counsel or Lead Plaintiff or the other Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Settlement Class Members or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Amount.

### 13. Miscellaneous Provisions

**13.1.** All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

**13.2.** Except in the event of the filing of a Termination Notice pursuant to ¶ 11.1 of this Stipulation or a termination notice in accordance with the Supplemental Agreement and ¶ 11.4 of this Stipulation, the Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**13.3.**   The Parties and their respective counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**13.4.**   Each of the attorneys executing this Stipulation, any of its exhibits, and any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents, respectively.

**13.5.**   Lead Plaintiff and Lead Counsel represent and warrant that Lead Plaintiff is a Settlement Class Member and none of Lead Plaintiff's claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

**13.6.**   This Stipulation and the Supplemental Agreement constitute the entire agreement between the Parties related to the Settlement and supersede any prior agreements. No representations, warranties, promises, inducements, or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Lead Plaintiff, on behalf of himself and the Settlement Class, acknowledges and agrees that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear his or its own costs.

13.7.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties, or their respective counsel or their respective successors in interest.

13.8.    This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Released Party may merge, consolidate, or reorganize.

13.9.    The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

13.10.   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

13.11.   This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one and the same agreement.

13.12.   This Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles, except to the extent that federal law requires that federal law govern.

**13.13.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**13.14.** The Stipulation shall not be construed more strictly against one party hereto than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**13.15.** Lead Plaintiff, Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in the Action agree that (i) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of the Action against the Released Parties, (ii) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of the Action, and (iii) they will not discuss any confidential matters related to the Action or the Settlement with anyone apart from their own attorneys, accountants, insurers and legal advisors or as required by law or in order to effectuate the Settlement. Defendants and Defense Counsel agree that (i) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of the Action against Lead Plaintiff, Settlement Class Members, Lead Counsel, and their Related Parties, (ii) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm Lead Plaintiff, Settlement Class Members, Lead Counsel, and their Related Parties with respect to any matter relating to the subject matter of the Action, and (iii) they will not discuss any confidential matters related to the Action, or the Settlement with anyone apart from

their own attorneys, accountants, insurers and legal advisors or as required by law or in order to effectuate the Settlement.

**13.16.** Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, information exchanged, and proceedings in connection with the Stipulation confidential.

**13.17.** All agreements by, between or among the Parties, their respective counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**13.18.** The Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the Private Securities Litigation Reform Act of 1995 ("PSLRA") in connection with the Action, the Settlement, the Stipulation, or the Supplemental Agreement. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the PSLRA.  Moreover, none of the Parties shall seek any cost-shifting claims against the others. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed Melnick, Esq. and reflect the Settlement that was reached

voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

**13.19.**   Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties.

**13.20.**   The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**13.21.**   The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated:  July 21, 2021

**THE ROSEN LAW FIRM, P.A.**

By:  _____
Laurence Rosen
Phillip Kim
Brian B. Alexander
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
      pkim@rosenlegal.com
      balexander@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

Dated:  July 21, 2021

**MORRISON & FOERSTER LLP**

By:  _____
Jamie A. Levitt
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: JLevitt@mofo.com

Jordan Eth (admitted *pro hac vice*)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: JEth@mofo.com

*Counsel for Defendants Acer Therapeutics Inc.,*
*Chris Schelling, and Harry Palmin*