# EXHIBIT A-1

EXHIBIT A-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS SKIADAS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ACER THERAPEUTICS INC., CHRIS SCHELLING, and HARRY PALMIN, <br><br> Defendants. | Case No. 1:19-cv-06137-GHW <br><br> CLASS ACTION |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SECURITIES CLASS ACTION

If you purchased or otherwise acquired the publicly-traded common stock of Acer Therapeutics Inc. ("Acer" or the "Company") during the period between September 25, 2017 and June 24, 2019, both dates inclusive (the "Settlement Class Period") and suffered compensable damages thereby, you could get a payment from a class action settlement (the "Settlement") and your rights may otherwise be affected by the Settlement.

*A federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide eight million three hundred and fifty thousand dollars ($8,350,000) (the "Settlement Fund"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and Award to Lead Plaintiff, net of any taxes on interest, to pay claims of investors who purchased Acer common stock during the Settlement Class Period.

- Lead Plaintiff calculates that the Settlement represents an estimated average recovery of $1.76 per damaged share of Acer common stock, per Lead Plaintiff's estimate of damaged shares. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the Recognized Losses of all Settlement Class Members, the date(s) you purchased and sold Acer common stock, your purchase and sale prices, and the total number of claims filed.

- Attorneys for Lead Plaintiff ("Lead Counsel") will ask the Court to award them fees of up to one-third of the Settlement Amount ($2,783,333.33) plus interest, reimbursement of litigation expenses of no more than $200,000, and Award to Lead Plaintiff not to exceed $10,000. If approved by the Court, these amounts (which Lead Plaintiff calculates as

1

totaling an average of $0.63 per estimated damaged share of Acer common stock) will be paid from the Settlement Fund.

- The average approximate recovery, after deduction of attorneys' fees and interest and expenses approved by the Court, is $1.13 per damaged share of Acer common stock. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per share you should expect. Your actual recovery if you are a Settlement Class Member, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Acer common stock, the purchase and sale prices, and the total number of claims filed.

- The Settlement resolves the Action concerning whether Defendants Acer, Chris Schelling and Harry Palmin (collectively "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various public statements regarding the likelihood that the U.S. Food and Drug Administration ("FDA") would approve the New Drug Application of the Company's drug candidate, EDSIVO. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability, or damage whatsoever Lead Plaintiff asserted. Defendants have also denied, among other things, the allegations that Lead Plaintiff or the Settlement Class have suffered damages or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

EXHIBIT A-1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form if You are a Settlement Class Member** | Fill out the attached Proof of Claim and Release Form and submit it no later than _____. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than _____**.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____ about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Participate in the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action.** |

**INQUIRIES**

**Please do not contact the Court, the Clerk's Office, Defendants, or Defendants' counsel regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| Acer Therapeutics Inc. Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, Pennsylvania 19063 Tel.: (866) 274-4004 Fax: (610) 565-7985 info@strategicclaims.net | **or** | Brian Alexander THE ROSEN LAW FIRM, P.A. 275 Madison Avenue, 40th Floor New York, NY 10016 Tel: (212) 686-1060 Fax: (212) 202-3827 balexander@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated July 21, 2021 (the "Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.     Why did I get this Notice?**

You or someone in your family may have purchased or acquired publicly traded Acer common stock from September 25, 2017 through June 24, 2019, both dates inclusive.

**2.     What is this lawsuit about?**

The case is known as *Nicholas Skiadas v. Acer Therapeutics Inc., et. al.,* Case No. 1:19-cv-06137-GHW (S.D.N.Y.) (the "Action"). The Court in charge of the case is the United States District Court for the Southern District of New York.

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact regarding the likelihood that the FDA would approve the New Drug Application of the Company's drug candidate, EDSIVO. The complaint alleges that the misstatements or omissions artificially inflated the price of Acer common stock, and that the Company's stock price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damages to the Lead Plaintiff or any other Settlement Class Member.

**3.     Why is this case a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.     Why is there a Settlement?**

The Parties do not agree regarding the merits of Lead Plaintiff's allegations and Defendants' defenses with respect to liability or the damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail at trial on each claim. The issues on which the Parties disagree include, without limitation: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants acted with scienter, which means intent to deceive, manipulate, or defraud, including an extreme departure from the standards of ordinary care, presenting a danger of misleading buyers that is either known to the defendant or is so obvious that the

4

actor must have been aware of it; (3) whether the alleged disclosures were corrective disclosures; (4) the causes of the loss in the value of the securities; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Lead Plaintiff or Defendants. Instead, the Parties have agreed to settle the case. Lead Plaintiff and Lead Counsel believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Lead Plaintiff and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that Defendants acted with scienter, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Lead Plaintiff were to win at trial, and also prevail on any on appeal, Lead Plaintiff might not be able to collect some, or all, of any judgment he is awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Lead Plaintiff's allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially less than the Settlement.

**5.      How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities, other than Defendants and their affiliates, who purchased or acquired publicly traded Acer common stock from September 25, 2017 through June 24, 2019, both dates inclusive, and suffered compensable damages thereby.

**6.      Are there exceptions to being included in the Settlement Class?**

Yes.  Excluded from the Settlement Class are Defendants and their immediate families; the officers and directors of Acer at all relevant times; their legal representatives, heirs, successors or assigns; any entity in which Defendants have or had a controlling interest; and any entity affiliated with, controlling, controlled by, or under common control with TVM Capital Life Science. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to question 11.

**7.      I am still not sure whether I am included in the Settlement Class.**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/Acer/, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.    What does the Settlement provide?**

**a.    What is the Settlement Fund?**

The proposed Settlement provides that Defendants have caused eight million three hundred and fifty thousand dollars ($8,350,000) (the "Settlement Fund") to be paid into the Escrow Account for the benefit of the Settlement Class. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any Award to Lead Plaintiff. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.    What can you expect to receive under the proposed Settlement if you are a Settlement Class Member?**

If you are a Settlement Class Member, your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold Acer common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and the amount awarded to the Lead Plaintiff.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Lead Plaintiff's contention that because of the alleged misrepresentations made by Defendants, the price of Acer common stock was artificially inflated during the Settlement Class Period and that certain subsequent disclosures caused changes in the inflated price of Acer common stock. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Acer/.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share").  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

<u>**THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS**</u>:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  Recognized Losses will be calculated as follows:

I)    For Acer common shares purchased between September 25, 2017 and June 24, 2019, inclusive, the Recognized Loss shall be calculated as follows:

      A. For shares retained at the end of trading on September 20, 2019, the Recognized Loss shall be the lesser of:

EXHIBIT A-1

(i)    $15.13 per share; or

(ii)    the difference between the purchase price per share and $2.96 per share[1].

B.  For shares sold on or before June 24, 2019,  the Recognized Loss per share shall be $0.00.

C.  For shares sold between June 25, 2019 and September 20, 2019, inclusive, the Recognized Loss shall be the lesser of:

i)    $15.13 per share; or

ii)    the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 6/25/2019 | $4.12 | $4.12 | 8/8/2019 | $2.59 | $3.18 |
| 6/26/2019 | $3.85 | $3.99 | 8/9/2019 | $2.38 | $3.15 |
| 6/27/2019 | $3.45 | $3.81 | 8/12/2019 | $2.31 | $3.13 |
| 6/28/2019 | $3.90 | $3.83 | 8/13/2019 | $2.45 | $3.11 |
| 7/1/2019 | $3.93 | $3.85 | 8/14/2019 | $2.17 | $3.08 |
| 7/2/2019 | $3.76 | $3.84 | 8/15/2019 | $1.95 | $3.05 |
| 7/3/2019 | $3.69 | $3.81 | 8/16/2019 | $2.09 | $3.03 |
| 7/5/2019 | $3.41 | $3.76 | 8/19/2019 | $2.18 | $3.01 |
| 7/8/2019 | $3.52 | $3.74 | 8/20/2019 | $2.29 | $2.99 |
| 7/9/2019 | $3.61 | $3.72 | 8/21/2019 | $2.26 | $2.97 |
| 7/10/2019 | $3.44 | $3.70 | 8/22/2019 | $2.30 | $2.96 |
| 7/11/2019 | $3.44 | $3.68 | 8/23/2019 | $2.26 | $2.94 |
| 7/12/2019 | $3.40 | $3.66 | 8/26/2019 | $2.50 | $2.93 |
| 7/15/2019 | $3.30 | $3.63 | 8/27/2019 | $2.41 | $2.92 |
| 7/16/2019 | $2.99 | $3.59 | 8/28/2019 | $2.58 | $2.91 |
| 7/17/2019 | $2.89 | $3.54 | 8/29/2019 | $2.65 | $2.90 |
| 7/18/2019 | $3.06 | $3.52 | 8/30/2019 | $2.70 | $2.90 |
| 7/19/2019 | $3.09 | $3.49 | 9/3/2019 | $2.56 | $2.89 |
| 7/22/2019 | $2.92 | $3.46 | 9/4/2019 | $2.60 | $2.89 |
| 7/23/2019 | $3.02 | $3.44 | 9/5/2019 | $2.88 | $2.89 |
| 7/24/2019 | $2.92 | $3.41 | 9/6/2019 | $2.81 | $2.89 |

---

[1]Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $2.96 per share was the mean (average) daily closing trading price of the Company's common shares during the 90-day period beginning on June 25, 2019 and ending on September 20, 2019.

| | | | | | |
|---|---|---|---|---|---|
| 7/25/2019 | $2.81 | $3.39 | 9/9/2019 | $2.91 | $2.89 |
| 7/26/2019 | $2.85 | $3.36 | 9/10/2019 | $3.23 | $2.89 |
| 7/29/2019 | $2.70 | $3.34 | 9/11/2019 | $3.41 | $2.90 |
| 7/30/2019 | $2.87 | $3.32 | 9/12/2019 | $3.16 | $2.91 |
| 7/31/2019 | $2.99 | $3.31 | 9/13/2019 | $3.27 | $2.91 |
| 8/1/2019 | $2.72 | $3.28 | 9/16/2019 | $3.44 | $2.92 |
| 8/2/2019 | $2.73 | $3.26 | 9/17/2019 | $3.36 | $2.93 |
| 8/5/2019 | $2.55 | $3.24 | 9/18/2019 | $3.42 | $2.94 |
| 8/6/2019 | $2.61 | $3.22 | 9/19/2019 | $3.47 | $2.95 |
| 8/7/2019 | $2.60 | $3.20 | 9/20/2019 | $3.62 | $2.96 |

To the extent a Claimant had a trading gain or "broke even" from his, her or its overall transactions in Acer shares during the Settlement Class Period, the value of the Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her or its overall transactions in Acer shares during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Acer shares shall not be deemed a purchase, acquisition or sale of Acer shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. Only publicly traded common shares are eligible purchases.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order.  Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases and acquisitions of Acer common shares during the time period from September 25, 2017 through and including September 20, 2019.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiff, Lead Counsel or the Claims Administrator or other agent designated by Lead  Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net

9

EXHIBIT A-1

Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.      How can I get a payment if I am a Settlement Class Member?**

To qualify for a payment if you are a Settlement Class Member, you must send in a form titled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/Acer/. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Acer/ **by 11:59 p.m. EST on _____ __, 2021**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than _____ __, 2021**, to:

Acer Therapeutics Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.      What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class by the _____ 2021 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Acer common stock during the Settlement Class Period. It also means that all of the Court's orders will apply to you and legally bind you. That means you will accept your allocated share, if any, of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisition, sale, or ownership of Acer common stock during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

10

EXHIBIT A-1

**11.    How do I get out of the Settlement if I am a Settlement Class Member?**

If you are a Settlement Class Member, but you do not want to receive a payment from the Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims made in the Action, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Nicholas Skiadas v. Acer Therapeutics, Inc., et. al.,* Case No. 1:19-cv-06137-GHW (S.D.N.Y.)" and (B) states the date, number of shares and dollar amount of each Acer common stock purchase or acquisition during the Settlement Class Period, any sale transactions, and the number of shares of Acer common stock held by you as of the opening and closing of the Settlement Class Period. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of Acer common stock during the Settlement Class Period; and (ii) demonstrating your status as a beneficial owner of the Acer common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than            , 2021**, to the Claims Administrator at the following address:

Acer Therapeutics Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement of the Action, and you will not be legally bound by the judgment in this case.

**12.    If I am a Settlement Class Member and I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    If I am a Settlement Class Member, do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

11

**14.    How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third plus interest on the Settlement Amount ($2,783,333.33), reimbursement of litigation expenses of no more than $200,000 and Award to Lead Plaintiff not to exceed $10,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Lead Plaintiff, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Nicholas Skiadas v. Acer Therapeutics, Inc., et. al.,* Case No. 1:19-cv-06137-GHW (S.D.N.Y.). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases or acquisitions and sales of Acer publicly-traded common stock during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers, and briefs to **each** of the addresses listed below, to be **received no later than _____ __, 2021**:

12

Clerk of the Court
United States Southern District Court
District of New York
500 Pearl Street
New York, NY 10007

LEAD COUNSEL:                    COUNSEL FOR DEFENDANTS:

THE ROSEN LAW FIRM, P.A.          MORRISON & FOERSTER LLP
Brian Alexander                   Jamie Levitt
275 Madison Avenue, 40th Floor    250 West 55th Street
New York, NY 10016                New York, NY 10019

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a telephonic Settlement Hearing on _____ __, 2021, at __:__ __.m. To participate in or listen to the Settlement Hearing, dial 1-888-633-0347 and enter access code 39444610#.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award Lead Plaintiff.

**18.    Do I have to participate in the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to participate. If you send an objection, you do not have to participate in the hearing. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

13

EXHIBIT A-1

## SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

If, between September 25, 2017 and June 24, 2019, both dates inclusive, you purchased, otherwise acquired, or sold Acer common stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THE CLAIMS ADMINISTRATOR'S NOTICE, you either: (a) provide to the Claims Administrator the name, last known address, and email address, if an email address is available, of each person or organization for whom or which you purchased such Acer common stock during such time period; (b) request a link to the Long Notice and Proof of Claim and Release form and email the link to the Long Notice and Proof of Claim and Release Form to each beneficial owner for whom you are nominee or custodian within ten (10) days after receipt thereof; or (c) request additional copies of the Long Notice, which will be provided to you free of charge, and within ten (10) days mail the Long Notice directly to the beneficial owners of the Acer common stock. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.10 plus postage at the pre-sort rate unit by the Claims Administrator per Long Notice mailed, $0.05 per link to the Notice and Proof of Claim and Release Form emailed, or $0.05 per name and address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 10 above.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2021                    BY ORDER OF THE UNITED STATES
                                                DISTRICT COURT FOR THE SOUTHERN
                                                DISTRICT OF NEW YORK

14