**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| NICHOLAS SKIADAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>ACER THERAPEUTICS INC., CHRIS SCHELLING, and HARRY PALMIN,<br><br>Defendants. | Case No. 1:19-cv-06137-GHW<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTIONS FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO LEAD PLAINTIFF**

Lead Plaintiff Nicholas Skiadas ("Lead Plaintiff"), on behalf of himself and the Settlement Class, respectfully submits this reply memorandum of law in further support of his motions for: (1) Final Approval of the Class Action Settlement and Plan of Allocation (Dkt. No. 127); and (2) An Award of Attorneys' Fees, Reimbursement of Expenses, and an Award to Lead Plaintiff (Dkt. No. 129). Lead Plaintiff also submits the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Notice and Claim Form; and (B) Report on Requests for Exclusion and Objections, dated December 29, 2021 ("Supp. Bravata Decl."), filed concurrently herewith, in support of his motions. Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated July 21, 2021 (Dkt. No. 123) ("Stipulation").

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested Award to Lead Plaintiff, or to opt out of the Settlement Class, was December 17, 2021. (Preliminary Approval Order, ¶¶21, 25) (Dkt. No. 125). To date, not a single objection has been filed (timely or otherwise) and there have been no requests for exclusion from any Settlement Class Members. Supp. Bravata Decl. at ¶¶5-6. This positive reaction of the Settlement Class strongly supports approval of the Settlement and the requested attorneys' fees, expenses, and Award to Lead Plaintiff. Therefore, the Court should enter the [Proposed] Order and Final Judgment Approving Class Action Settlement, submitted concurrently herewith, and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Lead Plaintiff (Dkt. No. 130).

**I.    The Claims Administrator Completed a Robust Notice Program as Approved by the Court**

Pursuant to the Preliminary Approval Order, the Claims Administrator completed a comprehensive notice program which included: providing 7,353 potential Settlement Class

1

Members with copies of the Notice and Claim Form by mail or an emailed link to obtain the Notice and Claim Form; disseminating the Summary Notice electronically over *GlobeNewswire* and in print in the *Investor's Business Daily*; and publishing all relevant Settlement documents on the Claims Administrator's website. Supp. Bravata Decl. at ¶2; Declaration of Josephine Bravata Concerning: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Bravata Decl.") (Dkt. No. 132-2) at ¶¶10, 12.

The Notice describes the Action and the Settlement, includes the Plan of Allocation, and informs Settlement Class Members about their rights, including their rights to file a claim, request to be excluded from, or object to any aspect of the Settlement. (Dkt. No. 132-2 at 7-18, Ex. A to the Bravata Decl.). The Summary Notice directed Settlement Class Members to the Settlement website (www.strategicclaims.net/Acer/) and informed Settlement Class Members of their right to: (i) submit an objection to any aspect of the Settlement or to the requested awards of attorneys' fees and expenses; or (ii) request exclusion from the Settlement Class. (Dkt. No. 132-2 at 30, Ex. C to the Bravata Decl.).

II. **The Lack of Objections Supports Final Approval of the Settlement and the Request of Attorneys' Fees, Reimbursement of Expenses, and Award to Lead Plaintiff**

The deadline to object to any aspect of the Settlement was December 17, 2021. Supp. Bravata Decl. at ¶6. No Settlement Class Members have objected to any aspect of the Settlement, the Plan of Allocation, the requested attorney's fees and expenses, or the Award to Lead Plaintiff. *Id*.

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of

14,156 claimants). "Indeed, the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005); *see also, In re FLAG Telecom Holdings, Ltd. Sec. Litig.,* No. 02-CV-3400 (CM) (PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *In re Veeco Instruments Inc. Sec. Litig.,* No. 05 MDL 01695(CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,* 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members").

The lack of any objections also supports awarding the requested attorneys' fees and expenses, the amounts of which were included in the Notice. *Veeco,* 2007 WL 4115808, at *10 (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *In re Telik, Inc. Sec. Litig.,* 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable."); *Maley v. Del Global Techs. Corp.,* 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application.").

Finally, the lack of any objections to the requested Award to Lead Plaintiff also supports approval of this request. *See In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 184 (S.D.N.Y. 2014) (awarding lead plaintiffs' request for reimbursement of their costs and expenses, including lost wages, where class members were provided notice and did not object); *In re Flag Telecom Holdings*, 2010 WL 4537550, at *31 (granting lead plaintiff awards when "[n]o objections to these requests have been filed"); *In re Par Pharm. Sec. Litig.*, No. CIV.A. 06-3226 ES, 2013 WL 3930091, at *11 (D.N.J. July 29, 2013) (awarding $18,000 to lead plaintiff when notice provided such an award would be sought and there were no objections).

### III.    The Lack of Requests for Exclusion Supports Final Approval of the Settlement

The deadline to opt out of the Settlement was December 17, 2021. The Claims Administrator has not received any requests for exclusion from the Settlement. Supp. Bravata Decl. at ¶5.

The lack of opt-outs from Settlement Class Members strongly supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of approximately 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement."); *see also*, *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (finding that 34 requests for exclusion in response to the mailing of nearly 400,000 notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

Accordingly, the Settlement Class Members' universally positive reaction to the Settlement strongly favors final approval of the Settlement and Plan of Allocation as well as approval of the attorneys' fees, reimbursement of expenses, and Award to Lead Plaintiff.

4

## CONCLUSION

For the reasons stated herein and in Lead Plaintiff's previously filed memoranda, Lead Plaintiff respectfully submits that the Court should enter the [Proposed] Order and Final Judgment Approving Class Action Settlement, filed concurrently herewith, and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Lead Plaintiff (Dkt. No. 130).

Dated: December 29, 2021                        Respectfully submitted,

                                                **THE ROSEN LAW FIRM, P.A.**

                                                By: /s/ *Laurence Rosen*
                                                Laurence Rosen
                                                Phillip Kim
                                                Brian B. Alexander
                                                275 Madison Avenue, 40th Floor
                                                New York, NY 10016
                                                Tel: (212) 686-1060
                                                Fax: (212) 202-3827
                                                Email: lrosen@rosenlegal.com
                                                        pkim@rosenlegal.com
                                                        balexander@rosenlegal.com

                                                *Lead Counsel for Lead Plaintiff and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 29, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Laurence Rosen*
Laurence Rosen
