**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS SKIADAS, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>ACER THERAPEUTICS INC., CHRIS SCHELLING, and HARRY PALMIN,<br><br>     Defendants. | No: 1:19-cv-06137-GHW<br><br>CLASS ACTION |

**[PROPOSED] ORDER GRANTING DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Having considered all materials and arguments submitted in support of Lead Plaintiff's Motion for Distribution of Class Action Settlement Fund (the "Motion"), including the Memorandum of Law in Support of the Motion, and the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     This Class Distribution Order incorporates by reference the definitions in the Stipulation of Settlement dated July 21, 2021 and filed with the Court on August 6, 2021 (the "Stipulation") (Dkt No. 123). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Bravata Declaration.

3.     As set forth in in the Bravata Declaration, the administrative determinations of the Claims Administrator, Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting

1

those Claims set forth in Exhibits B-1 and B-2 to the Bravata Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Bravata Declaration are approved.

4.      Any person submitting Claims received after April 28, 2022, and any responses to rejected or deficient Claims received after August 5, 2022, the date used to finalize the administration by SCS, are finally and forever barred from asserting such Claims.

5.      The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Bravata Declaration.  The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice Packet.

6.      The distribution plan for the Net Settlement Fund as set forth in the Bravata Declaration and accompanying exhibits is approved.  The balance of the Net Settlement Fund shall be distributed to Authorized Claimants.  The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."  Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.  Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Bravata Declaration will irrevocably forfeit all recovery from the Settlement.

7.      If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement

2

Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used to: (i) pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) pay any additional Administration Costs incurred in administering the Settlement; and (iii) make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8.    At such time as Lead Counsel, in consultation with the Claims Administrator, determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be selected by Lead Counsel.

9.    The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class

Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

10.     SCS is hereby ordered to discard paper or hard copies of claims and all supporting documents no less than one year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same no less than three years after all distributions of the Net Settlement Fund to the eligible claimants.

11.     This Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

Dated: _____, 2022          _____
                                         The Honorable Gregory H. Woods
                                         United States District Court Judge